## No. 6468.

STATE OF LOUISIANA EX REL. F. COMMINGE ET AL. VS. THE JUDGE OF THE SUPERIOR DISTRICT COURT.

The release of an injunction by bond, is a matter confided to the discretion of the lower court.

The exception of *lis pendens* will not be considered in this court, unless raised in, and passed on by the court *a qua*.

The writ of prohibition will not issue to restrain an inferior judge from doing any act, when he has, *prima facie,* jurisdiction.

APPEAL from the Superior District Court, parish of Orleans. *Lynch,* J.

*Charles S. Rice,* for relators.

The opinion of the court was delivered by

DeBlanc, J. The plaintiffs in this case are the keepers of private markets; the defendants, except the judge, the keepers of public markets in the city of New Orleans. In 1874 the relators enjoined the then Administrator of Commerce, Superintendent of the Metropolitan Police, and other officers and persons from closing their respective establishments. Their injunction was tried and dissolved, and from the decree rendered against them they obtained a suspensive appeal.

After the dissolution of plaintiff's injunction, and with a view, they allege, of evading, escaping, and annulling the effect of the appeal taken by them, the defendants, except the judge, brought suits against them, enjoining them from carrying on their private markets, and relators were repeatedly refused by the judge of the Superior District Court the privilege of bonding defendants' injunction, which, they charge, invades the jurisdiction of this court.

On the twenty-eighth of November, 1876, the relators applied for writs of prohibition against the judge of the Superior District Court, restrain-

State ex rel. Comminge vs. Judge of the Superior District Court.

ing said judge from exercising any further jurisdiction in the injunction suits filed by defendants, and enjoining the latter from interfering with relators in regard to the private markets opened by them in this city.

Has the judge of the lower court exceeded the bounds of his jurisdiction?

Is the remedy applied for necessary for the preservation of the parties' rights and the constitutional exercise of our appellate jurisdiction?

To obtain the injunction complained of, defendants alleged that they are the owners of public markets in this city; that under the law no private markets can be opened within twelve squares of those they own; that, in violation of said law, the relators are carrying on a private market within the prohibited limit, and, by that unlawful act, have caused them damages in the sum of one thousand dollars.

So far as we are informed by the pleadings and documents submitted to our consideration, the only step taken by the relators in the suits of defendants against them, was their effort to dissolve the injunction by furnishing bond. It was within the legal discretion of the district judge to grant or refuse that application.

The exception of *lis pendens*, suggested by plaintiff, has not been urged in and passed upon by the lower court, and, to decide it, we would have to invade the inferior jurisdiction, or draw to our own, by a nameless process, the suggested exception.

The lower court, in this instance, was proceeding in a matter over which it possesses a legitimate and indisputable jurisdiction. It could not, justly, have refused the injunction granted to defendants.

"Since the object of the writ is to prevent an inferior court from proceeding beyond its jurisdiction, where the return to the writ shows a *prima facie* case of jurisdiction, the prohibition should not be perpetuated." High., p. 566, No. 780.

"The writ will not go, when the very question of fact on which it depends is denied, and is the chief point in the litigation yet pending, and undetermined in the court below, as it would virtually be a trial of the case by the Supreme Court upon its merits and before the appeal." High., p. 572, No. 788.

In the case of D'Meza against the judge of the Fourth District Court, for the parish of Orleans, Mr. Justice Howe in his decision reviewed and condensed our jurisprudence on this important question. He quoted from the nineteenth L. R. a clear and correct opinion, which has been and remains a safe guide to the bench and the bar; it reads as follows: "The writ of prohibition, the power to grant which is specially allowed by the Code of Practice to appellate courts of competent jurisdiction, is not a writ of right; it is within the sound discretion of the tribunal to which the application is made; and the party who resorts to it is bound

to establish such facts as to convince the appellate court that the remedy applied for is necessary, not only for the protection of the legal rights of that party, but also, and principally, for the constitutional exercise of our appellate jurisdiction. We, therefore, understand that the authority thus granted, being considered in relation to the constitution, which allows this court appellate jurisdiction only, is to be confined to matters which have a tendency to aid that jurisdiction." 21 An. 123; 26 An. 146.

The Superior District Court no longer exists. Before it was abolished, it was competent to decide the suits of defendants against plaintiffs. In taking cognizance of those suits, the judge of that court did not exceed the bounds of his jurisdiction. He fulfilled his duty. C. P., articles 845, 846.

It is therefore ordered that the application filed by plaintiffs on the twenty-eighth of November, 1876, be and it is hereby discharged at their costs.