## No. 6500.

### Charles Marin vs. Widow J. Thierry.

Service of a rule to dissolve an injunction, at the *office* of plaintiff, on some other occupant of the office, is not a legal service.

The appearance of a party merely to take an appeal, does not cure any defect in the service of citation on him.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J.

*Charles Louque,* for plaintiff and appellant.

*Julien Michel,* for defendant.

The opinion of the court was delivered by

Spencer, J. Plaintiff took out an injunction against executory process of defendant.

Defendant took a rule on plaintiff to show cause why the injunction should not be set aside. Notice of this rule was "served on Charles Marin, defendant therein, by leaving the same at his office, No. 56 Exchange Alley, in the hands of John T. Dufour, same office, the said Charles Marin being absent at the time of said service."

Charles Louque was the plaintiff's attorney of record.

On the sixth of June, 1876, plaintiff and his attorney being absent, the rule was taken up, tried, and injunction dissolved with costs.

Plaintiff prosecutes this appeal. The service of the rule to dissolve was bad. It was made neither on the plaintiff in person, nor at his domicile, nor on his attorney.

The subsequent appearance of plaintiff to ask for an appeal can not

be construed into a waiver of his right to notice of the rule to dissolve his injunction.

It is therefore ordered, adjudged, and decreed that the judgment dissolving plaintiff's injunction appealed from be avoided and reversed, and that this case be remanded to the court *a qua*, to be proceeded with according to law, defendant and appellee paying costs of appeal.