No. 7997.

CRESCENT CITY LIVE STOCK LANDING AND SLAUGHTER-HOUSE COMPANY VS. THE BUTCHERS' UNION SLAUGHTER-HOUSE AND LIVE STOCK LANDING COMPANY.

The sworn allegation of Plaintiff in injunction, that the act to be enjoined will cause irreparable injury, is not conclusive of the fact and does not deprive the judge who granted the injunction, of all discretion in dissolving it on bond. 32 An. 1192.

APPEAL from the Sixth District Court for the parish of Orleans. *Righter* J.

*Mott & Kelly* and *Thos. J. Semmes* for Plaintiff and Appellant:

First—Injunction obtained on sworn allegation of irreparable injury cannot be dissolved on bond if the allegations were sufficient to obtain the injunction.

Second—A suit cannot be dismissed on plea of *lis pendens* when no proof was offered of the existence of another suit involving the same issues.

Third—The defendant had no right to slaughter, without the assent of the City of New Orleans, and no right to erect a slaughter house, without having obtained an ordinance of the city designating the place for its location, concurred in by the Board of Health.

*B. R. Forman* and *F. C. Zacharie* for Defendant and Appellee:

First—Plaintiff's exclusive privileges, with all others, were abolished. Constitution, Arts. 248, 258.

Second—And were granted only in exercise of police power. 22 An. 545; 16 Wallace, 36.

Third—Which is not the subject of contract. 94 U. S. 645; 97 U. S. 25; 101 U. S. 814.

Fourth—The State alone can sue to forfeit charter, and plaintiff has no interest in preventing defendants from acting as a corporation, 28 An. 649; 2 An. 321; 4 An. 147, and cannot be injured by a dissolution of the injunction. 32 An. 1192.

The opinion of the Court was delivered by

LEVY, J. Plaintiff has taken an appeal from the judgment of the lower court dissolving the injunction herein on defendants' giving bond, and from the final judgment maintaining the plea of *lis pendens* and dismissing plaintiff's suit.

Plaintiff corporation in the petition represents that, under its charter, it has the exclusive right and privilege to erect and maintain, in the parishes of Orleans, Jefferson and St. Bernard, wharves, stables, sheds, yards and buildings necessary to land, stable, shelter, protect and preserve all kinds of animals, and to carry on the Live Stock Landing and Slaughter-House business, and all animals destined for sale or slaughter in the city of New Orleans or its environs, shall be landed at the landings and yards of said company; that, by the act of its incorporation, all persons are prohibited from establishing slaughter-houses above the limits set forth in said act, and all animals are required to be inspected by an officer of the State before they can be slaughtered for human

NEW ORLEANS, MAY, 1881. 931

Crescent City Slaughter-House Co. vs. Butchers' Union Slaughter-House Co.

food, and this inspection must be at the slaughter-house of plaintiff; that notwithstanding all this, the defendants, styling themselves "The Butchers' Union Slaughter-House and Live Stock Landing Company," have pretended to form themselves into a corporation under and by virtue of the laws of the State of Louisiana, for the purpose of erecting landings, pens, buildings and slaughter-houses and slaughtering animals for food in the parish of Orleans and elsewhere; that there is no authority in law for the formation of such corporation as set forth by defendants, and they have no right to act as an incorporated body; that defendants have no right by law, without permission first had and obtained of the proper authorities, to erect or maintain any slaughter-house and the incidents thereof in the parish of Orleans, or elsewhere in the State of Louisiana; that the actings and doings of the aforesaid parties, as aforesaid, cause irreparable injury to petitioner, and cause a damage to petitioner of over one thousand dollars, as wrong-doers, for which they are liable *in solido.*" Plaintiff prayed for judgment against said parties *in solido* for $1500, " and that the pretended charter of said company be decreed to be null and void and of no effect, and that the parties named be severally, and the said Butchers' Union and Slaughter-House and Live Stock Landing Company, through Orman Troscher, the pretended president thereof, be enjoined from exercising the powers, privileges and franchises of a corporation of the State of Louisiana for the purposes specified in their alleged charter, and that the injunction be made perpetual."

Defendants filed an exception of *lis pendens,* alleging " that the same suit and same issues, between the same parties, are now pending in this Court, being No. 10,940 on the docket thereof, and praying for the dismissal of this suit. Shortly thereafter, and before trial of the exception, defendants took a rule for the dissolution of plaintiff's injunction on bond. There was judgment on the rule, making it absolute and dissolving the injunction on defendants' giving bond in the sum of $500. There was also a final judgment, maintaining the plea of *lis pendens* and dismissing plaintiff's action.

Plaintiff seeks the reversal of the judgment dissolving the injunction, on the grounds, that an injunction obtained on sworn allegations of irreparable injury cannot be dissolved on bond.

In the case of Crescent City Live Stock Landing and Slaughter-House Company vs. Police Jury, 32 An. 1192, recently decided by us, this question was presented, and we there held : " Nor do we consider that the mere allegations in the petition, sworn to though they be by the plaintiff, that the act in question would cause such (irreparable) injury, are conclusive on the subject, and deprived the judge *a quo* of all the discretion in the matter touching the dissolution of the injunction."

In this case, as in that, we think that discretion was legitimately exercised.

The plea of *lis pendens* was maintained, unsupported, as disclosed by the record, by any evidence whatever. The judgment in that respect cannot stand.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court dissolving the injunction on bond be affirmed; and it is further ordered, that the judgment sustaining the plea of *lis pendens* and dismissing plaintiff's suit, be annulled, avoided, and reversed, and that this case be remanded to the Civil District Court of the parish of Orleans, which has superseded the Sixth District Court for said parish, to be tried according to law; appellee to pay the costs of the lower court incurred in connection with said plea of *lis pendens* and the costs of this appeal.