## No. 9503.

THE STATE EX REL. A. J. STERKEN vs. JUDGE CIVIL DISTRICT COURT, DIVISION A, ET AL.

| 37 | 825 |
|---|---|
| 45 | 1493 |
| 37 | 825 |
| 104 | 79 |
| 37 | 825 |
| 111 | 95 |
| 37 | 825 |
| 113 | 629 |
| 37 | 825 |
| 124 | 375 |

A suspensive appeal does not lie from an interlocutory decree dissolving an injunction on bond, unless it appears that the act prohibited would work an irreparable injury to the plaintiff.

When the plaintiff in injunction has failed to allege any personal injury to flow from the act complained of, it is safe to conclude that he could not suffer irreparable injury from the interlocutory order dissolving his injunction on bond.

A district judge who allows an injunction to be dissolved on bond, because the act complained of would not work irreparable injury to the plaintiff, should consistently refuse a suspensive appeal from his dissolving order, as the latter only applies when the interlocutory decree would cause irreparable injury.

APPLICATION for Mandamus and Prohibition.

*F. Michnard* for the Relator.

*W. H. Rogers* for the Respondents.

The opinion of the Court was delivered by

POCHÉ, J. The relator complains of the refusal of the respondent judge to grant him a suspensive appeal from an order dissolving on bond a writ of injunction previously obtained by him.

The proceedings in which the injunction had issued are brought up by the relator, and they show that on his petition, charging that the defendant in that suit, "The Louisiana Excavating and Manufacturing Company," was using, contrary to law, certain wharves in the city of New Orleans, in the pursuit of its business, an injunction had been issued forbidding the defendant company from performing the acts complained of by the plaintiff in that suit, who is the relator in the present proceedings.

His petition for injunction contained no allegation or intimation of the nature or extent of the damages which he could suffer in consequence of the illegal acts therein charged against the defendant company ; and in fact it contained no averment of any personal injury which relator could have suffered from the acts complained of, and which he sought to enjoin.

His right to a suspensive appeal from the interlocutory order dissolving his injunction on bond, depends upon the alleged irreparable injury which could result to him from the decree in question, and it thus appears that his failure to allege any personal damage at all in his petition for injunction, strips his present allegation of irreparable injury of all force and of all weight whatever.

The rule, as established by numerous decisions of this Court, is that no appeal will lie from an interlocutory order dissolving an injunction on bond, unless it appears from the pleadings that the performance of the acts complained of would work irreparable injury to the plaintiff in injunction. Wm. T. Levine et al. vs. Mitchell, 34 Ann. 1181, and authorities therein cited. It therefore stands to reason that the rule will apply with immeasurable force, in a case where the plaintiff in injunction had utterly failed to allege any personal injury in consequence of the act which he sought to prohibit.

In this, and in all similar cases, in which the judge's order dissolving the injunction on bond, is predicated and rests on the legal belief and

·conclusion that the act prohibited would not work irreparable injury, it would be inconsistent in him to allow a suspensive appeal, the legality of which depends upon a condition of things entirely to the reverse.

The judge's course in the instant case, in refusing a suspensive appeal, is consistent with his motives in allowing the dissolving order; it is amply supported by the pleadings, hence it must be maintained.

It is therefore ordered that the writs of mandamus and prohibition herein prayed for, be denied at the costs of relator.