## No. 10,374.

STATE OF LOUISIANA EX REL. J. A. SHAKESPEARE, SYNDIC, ET AL VS.
HENRY L. DUFFEL, JUDGE, ETC.

|  |  |
|---|---|
| 41 | 557 |
| 105 | 446 |
| 41 | 557 |
| 117 | 944 |

1. The writ of *certiorari* arraigns the regularity of the proceedings of an inferior court. In this case, the proceedings have been strictly regular. The only one assailed on this ground is the granting of a mandatory order to enforce a prior injunction, in vacation and at chambers; but this is expressly authorized by Revised Statutes, Sec. 1746.

2. The writ of prohibition raises questions of jurisdiction and of judicial power. In this case, as to parties and subject-matter, jurisdiction was vested exclusively in the court presided over by respondent and in no other. The orders and proceedings were all within the proper domain of the judicial power. The original injunction is expressly authorized by paragraph 4 of Art. 298 C. P., and the subsequent mandatory order was in aid and enforcement of the prior valid prohibitory injunction, and, on that ground, is recognized by this court as a proper and valid exercise of judicial authority.

APPLICATION for Prohibition and *Certiorari*.

*E. N. Pugh* and *Bayne, Denègre & Bayne* for the Relators:

1. Plaintiffs are at liberty to choose their form of action, but having once made choice, they are bound by their election, and hold to the law governing the particular remedy. Penn vs. Kearny, Blois & Co., 21 Ann. 23; Conery vs. Clark, 13 Ann. 317; City of New Orleans vs. Paving Co., 20 Ann. 394; Miltenberger vs. Hill, 17 Ann. 58.

2. Petitory and possessory actions cannot be cumulated, and if they be cumulated, the plaintiff shall be considered as having renounced the possessory action, and the judgment shall decide only questions of ownership. Articles 54, 55, 57, Code of Practice.

3. From the very nature of things, a petitory action necessarily admits possession in defendant; otherwise, it would not lie. C. P. 543; Girard's Heirs vs. New Orleans, 13 Ann. 295; 6 R. 190.

4. A preliminary injunction cannot issue to oust a defendant who is in actual possession,

whether rightfully or wrongfully, is immaterial. 36 Ann. 561, R. R. Co. vs. R. R. Co.; C. P. 59 and 43; C. C. 34 and 54.

5. Even a trespasser is protected in his possession until his trespass is established by due proof, at the demand of one who shows some better right than himself, in a suit regularly brought. To all others, *possideo quia possideo*, is a sufficient answer. 37 Ann. 117, Succession Townsend.

6. Courts can execute their judgments through the sheriff alone; they cannot order any other person or persons to execute them, or clothe such other person or persons with authority or power to act. C. P. 760; R. S. 1177, 3593; State ex rel. Vaughan vs. Richmond, Sheriff, 29 Ann. 707.

7. Courts are without power to render judgments during vacation. State ex rel. Dehan vs. Judge, 35 Ann. 1078; Telegraph Co. vs. R. R. Co., 39 Ann. 659; 33 Ann. 76; Dixon vs. Judge. 23 Ann. 482; 21 Ann. 306; 26 Ann. 119 State ex rel. Dickson vs. Judge.

8. A judgment rendered in vacation not being a judgment, no appeal can be taken, and the only remedy is to invoke the supervisory jurisdiction of this court. Hernandez vs. James, 23 Ann. 483; 21 Ann. 306; Dixon vs. Judge, 26 Ann. 119; 30 Ann. 363.

---

### *R. N. Sims* and *R. McCulloh* for the Respondent:

1. The suit entitled " Commissioners of the First Drainage District of Ascension et al. vs. W. J. Kelly et al.," No. 595 of the docket of the District Court, is an appealable case and therefore the writ of *certiorari* does not lie. Code of Practice, Art. 857; Stewart vs. Barrow, 6 N. S. 381; 33 Ann. 256; 32 Ann. 1092–1222. The record of proceedings below makes full proof of itself. 36 Ann. 977.

2. " It is established by the jurisprudence of this court that no application for a prohibition can be entertained until after a plea to the jurisdiction of the lower court has been urged and overruled." State ex rel. J. A. Shakspeare, Mayor, vs. Judge, 40 Ann. 608; 29 Ann. 306; 37 Ann. 845; 38 Ann. 569, 920, 178. Exceptions to form of proceedings do not draw in question jurisdiction of the court. 38 Ann. 920.
   Jurisdiction *vel non* of lower court only question to be considered. State ex rel. Berthoud vs. Judge, 34 Ann. 782.

3. Lower court fully vested with jurisdiction of subject-matter of suit No. 595. All of defendants, including Shakspeare, Syndic (relators here), submitted to the jurisdiction of the court by filing formal pleas and an answer on the merits. There could be, therefore, no usurpation of jurisdiction or authority by the judge in the case. State ex rel. Berthoud vs. Judge, 34 Ann. 782.

4. Respondent performed his duty under the law in ordering the immediate removal of the dams or obstructions in the common drain or public canal described in plaintiff's petition. Code of Practice, sec. 4, Art. 298; McDonough vs. Calloway, 7 Rob. 442; Black vs. Towboat Company, 31 Ann. 497. The testimony of Dr. N. C. Stevens, C. W. Locke and Isaac Adams, all well known citizens, exposed the urgent necessity of prompt action by the court. Though duly notified, relators summoned no witnesses, offered no testimony and failed entirely to appear or make any objection or opposition to the form of proceeding.

5. Respondent submits that there is nothing in the present condition of the case, in the proceedings below, upon which the jurisdiction of this court can be exercised, even under its supervisory powers.

---

The opinion of the Court was delivered by

FENNER, J. The proceedings of the respondent judge, which are assailed in this action as exceeding the bounds of his jurisdiction, and

as null and void for irregularity, may be briefly stated as follows : On the 6th of March, 1889, the commissioners of the first drainage district of Ascension, joined by various land-owners, alleging that Wm. J. Kelley and others, owners and occupants of Bocage plantation, had obstructed and were obstructing a certain public canal which had existed and served as a common drain for the district for more than thirty years, and had, by threats and violence, prevented the said commissioners from discharging their legal duty to clean out said canal and remove all obstructions therein, to the great detriment and injury of the property of the inhabitants of the district, applied for and obtained an injunction restraining said parties from further obstructing said canal or from interfering with the commissioners in removing or causing to be removed existing obstructions, and prayed for a final judgment recognizing the rights claimed by petitioners and perpetuating the injunction.

To this suit, the parties defendant appeared and filed several exceptions which were regularly tried and overruled. They then joined issue by general denial, and the case was fixed for trial on the 30th of March ; but, when called, on the application of defendants, was continued until the next term of court.

On the 5th of April, the plaintiffs filed a supplemental petition, alleging that, notwithstanding the injunction, the defendants persisted in maintaining obstructions to the said canal and threatened to kill the said commissioners or other persons who should attempt to remove them, and setting forth the great injury and damage thereby occasioned to the district, and prayed for an order on the defendants to show cause on a day fixed why an order should not be granted authorizing and directing said commissioners or the sheriff to remove said obstructions and to keep said canal clear until the further order of the court.

On this petition the judge granted his order directing the defendants to show cause on the 12th of April, why the relief prayed for should not be granted.

On the 12th of April, at the hour fixed, the plaintiffs appeared with their witnesses, but the defendants made no appearance and filed no pleading. After waiting a reasonable time, the judge took up the rule and proceeded to hear witnesses, and it was only after progress had been made that a verbal message was received from one of the counsel for defendants stating that he could not be present and requesting a continuance till the following Monday, when, the judge says, he was to open court in another parish. He refused the request, and, after hearing witnesses, granted the order prayed for.

The defendants, who are the relators here, invoke the exercise of our

supervisory jurisdiction, through writs of *certiorari* and prohibition, to declare the absolute nullity of both the original injunction and of the order to remove existing obstructions, and to prohibit the respondent judge from executing them.

The case presented is utterly barren of any foundation for the exercise of our supervisory power.

The relief by *certiorari* is inapplicable, because the proceedings are perfectly regular in all respects. The only point on which their regularity is assailed is that the judge was without power to hear or grant the order removing the obstructions in vacation or at chambers; but this is answered by the express provision of Art. 1746 R. S., which declares " the district judges shall have authority, at chambers, to grant * * orders of arrest, attachment, provisional seizure and *injunction and all orders relating thereto.*"

Indeed, these summary and conservative remedies would be shorn of their intended efficacy if the opportunity of invoking or enforcing them were suspended during the long and frequent vacations of the courts.

The writ of prohibition raises questions of jurisdiction and of judicial power. So far as the jurisdiction of the court is concerned, it is patent on the face of the papers. The court presided over by the respondent, and no other, has jurisdiction over the parties and subject-matter.

The orders granted lie unquestionably within the judicial power.

So far as that part of the original injunction specially complained of is concerned, viz: the prohibiting defendants from interferring with the commissioners in removing obstructions—the allegations of the petition bring it distinctly within the provision of paragraph 4 of Art. 298 of the Code of Practice, as one of the cases in which, says the article, " the injunction must be granted," viz: " When the defendant opposes the execution of works necessary for the repairs of public levees, dikes, roads, bridges, *canals, drains* and the like."

This is alleged to be a public canal and drain, and certainly the clearing out of obstructions therein is a necessary work of repair, without which its whole usefulness would be destroyed. It is alleged and, indeed, admitted, that the defendants are interfering with the execution of this work. It is vain for them to deny that the canal is public, or to assert their legal right to maintain obstructions and to prevent their removal. Those issues go to the merits of the case and must await determination by the final decree. If they shall be decided in their favor, the bond of plaintiffs will be answerable for the expense of restoring their dams and for all other damages they may suffer.

Nor can the power of the court to order the removal admit of ques-

tion. The power to grant such orders, in certain exceptional cases, has been affirmed by this court in decisions entirely applicable here. McDonough vs. Calloway, 7 Rob. 442; State *ex rel* Yale vs. Judge, 41 Ann. 516.

This case, on its face, falls within the exceptional authority thus recognized, the order having been made in aid and enforcement of a valid prohibitory injunction.

The contention that these orders operate, in effect, a final decision on the merits of the case, in advance of trial, is unfounded. The orders are manifestly interlocutory and only serve to regulate the conduct of the parties *pendente lite*. When the case shall be finally decided, the legal *status* of the parties will be declared and enforced, and whatever wrongful interference therewith has happened in the meanwhile will be repaired under the security of the injunction bond.

It is, therefore, ordered and decreed that the writs applied for be denied at relators' costs.