No. 12,818.

STATE EX REL. JOHN VAN HALEN VS. HON. F. A. MONROE, JUDGE CIVIL DISTRICT COURT, PARISH OF ORLEANS, DIVISION C.

The general rule is that injunctions should not be dissolved on the *ex parte* application of defendant and the writ of *certiorari* will issue to reinstate the injunction when dissolved on such *ex parte* application without any hearing of the plaintiff.

ON APPLICATION for Writs of *Certiorari* and Prohibition.

---

*Simeon Belden* and *John P. Montamat* for Relator.

State ex rel. Van Halen vs. Judge.

*Dart & Kernan* for Respondent.

Submitted on briefs April 22, 1898.
Opinion handed down May 2, 1898.

The opinion of the court was delivered by

MILLER, J.   The relator seeks by the writs of *certiorari* and pro-
hibition to review the action of the lower court in dissolving on bond
the injunction obtained by plaintiff to restrain the execution sale on
the judgment of the Firemen's Building Association against the rela-
tor as tutor of his minor children.

The petition for the injunction in substance averred that the
alleged debt of the association for which they recovered judgment
had been in great part paid, that the papers evidencing the payment
were in posession of the association and the petition contained other
allegations deemed necessary to entitle the plaintiff in the injunction
suit to demand the nullity of the judgment and an injunction against
its execution, the petition assigning another ground against the
execution, that under it the property of the succession of the
deceased wife of the plaintiff in injunction was seized, and about to be
sold.   The injunction was dissolved on the *ex parte* application of the
association on the bond required by the order of dissolution, and was
followed by the sheriff's sale and the adjudication to the association
of the property the sale of which was sought to be enjoined.

The judge of the lower court in his answer to the relator's applica-
tion states that the answer in the suit of the building association
admitted a portion of the debt sued for, that the property subjected
to the judgment was not that of a succession, and he conceived that
the bond required by the order of dissolution was ample to protect
the interest represented by the relator.

We have no occasion to deal with any question raised by the
petition for the relator save that arising on the dissolution of the
injunction, on the *ex parte* application of the Building Association.
The purpose of the relator is by the exercise of our supervisory
jurisdiction to have that dissolution set aside, and to prohibit the
sheriff from proceeding any further under the execution of the asso-
ciation.   Constitution, Art. 90.

The Code of Practice provides that injunctions may be dissolved

when the dissolution will not work irreparable injury to the plaintiff seeking that relief.   C. P., Art. 308.   It is strenuously urged it was not competent to dissolve on bond an injunction the  execution of a judgment sought to be annulled on the grounds stated in the petition for that writ.   We do not find it necessary to consider that issue, but on the other ground taken by the relator we are of opinion that in this case the plaintiff in the injunction suit was  entitled to notice and a hearing on the motion to  dissolve, and the lower court was without power to dissolve the injunction on the *ex parte* application of the Building Association.   Marin vs. Thierry, 29 An. 362;  State *ex rel.* Moore vs. Judge, 37 An. 118;  State *ex rel.* Gas Light Company vs. Judge, 37 An. 285.

Since the relator's application to this  court a paper has been filed in the clerk's office expressing the unwillingness of the Building Association to bring to trial the injunction suit and reinstate the injunction, but the relator objects to the filing of the paper and insists, we presume, to our action on his petition.

It is therefore ordered, adjudged and decreed that our previous order be maintained, that the order dissolving the injunction of relator be set aside, the injunction reinstated to await the trial of the relator's suit and to abide the judgment in said suit.