(35 South. 471.)

No. 14,932.

STATE ex rel. WATSON v. ELLIS, Judge.

(June 30, 1903.)

INJUNCTION—DISSOLUTION—BOND.

1. An injunction by an ad interim city treasurer to prevent his successor from taking charge on the ground of irregularity in his election is dissolvable on bond.

(Syllabus by the Court.)

Application by the state, on the relation of John W. Watson, for writs of mandamus, certiorari, and prohibition to T. C. W. Ellis, Judge of Division A of the civil district court. Denied.

Harry H. Hall and Purnell Mitchell Milner, for relator. Respondent judge pro se. Samuel L. Gilmore, City Atty., and Thomas H. Thorpe, for respondent Patrick McGrath.

PROVOSTY, J. On application for writs of mandamus, certiorari, and prohibition. This is an application for the writs of certiorari, mandamus, and prohibition. The question involved is whether the respondent judge was justified in refusing a suspensive appeal from an order dissolving on bond an injunction theretofore obtained by the relator.

In his brief in support of the application, counsel for relator makes a point of the fact that the dissolution was ex parte. He cites decisions of this court to the effect that, except in extreme cases, the injunction should not be dissolved without the plaintiff in injunction being given a hearing (Claflin v. Lisso, 31 La. Ann. 171; Marin v. Thierry, 29 La. Ann. 362; Pike v. Bates, 34 La. Ann. 391–399), and cites the decision of this court in the case of State ex rel. Van Halen v. Judge, 50 La. Ann. 642, 23 South. 608, to the effect that the judge is without power to dissolve without notice to the plaintiff in injunction. But granting all this, of what relevancy is it? It would be relevant if relator were asking us to set aside the order dissolving the injunction, but he is not. He is asking us to compel the respondent judge to grant him a suspensive appeal from that order. We have to deal with the case as it is made up before us.

The sole question is whether the respondent judge was justified in refusing the suspensive appeal.

The matter is this: The city treasurer having died, the relator, who was deputy treasurer and chief clerk of the treasurer, was required by law to have charge of the office and act as treasurer until the installation of the new treasurer. Under charter provisions to that effect, the mayor appointed this new treasurer, and the council confirmed his appointment. Before he could qualify and take charge of the office, however, the relator sued out an injunction to prevent him from doing so, on the ground that the provisions of the city charter for the filling of vacancies in the city offices by appointment by the mayor and confirmation by the council were unconstitutional. After the new treasurer had qualified by giving bond, etc., according to law, he made an application for bonding the injunction, and the judge granted the prayer; and the relator, plaintiff in injunction, applied for a suspensive appeal from the bonding order, and, the judge refusing, the present application followed.

The rule is that "a suspensive appeal does not lie from an interlocutory decree dissolving an injunction on bond, unless it appears

that the act prohibited would work an irreparable injury to the plaintiff." State ex rel. Sterken v. Judge, 37 La. Ann. 825.

The relator makes a labored effort to show that the bonding of the injunction would cause him an irreparable injury. He has to admit that any loss of salary he may suffer is fully covered by the dissolution bond; but he says that it will expose him and his bondsmen, as well as the bondsmen of the deceased treasurer, to heavy pecuniary liability in connection with the city's funds of which the treasurer has the keeping. He says that "to enjoy and exercise the function of such an highly important and manifestly honorable office as that of city treasurer, and to be given opportunity to show great executive and administrative ability in the conduct of the business of a great and prosperous city, is such an advantage and such an opportunity that the deprivation of this right cannot be adequately compensated for in money."

We fail to see how any irreparable injury could come to relator. Any loss of salary he may suffer is fully covered by the dissolution bond. His fears in connection with the funds of the city are wholly imaginary. The new treasurer, having been elected and qualified under the provisions of the city charter, cannot be less than a de facto officer, and his acts as such will protect all parties concerned. 8 Am. & Eng. Ency. (2d Ed.) pp. 793, 807. The respondent judge thought, and we agree with him, that the funds of the city would have a better chance of protection by the $60,000 bond of the new treasurer, even though he should eventually be held to be only a de facto officer, than by the $10,000 bond of relator. The only thing we can see the relator may lose irreparably by the dissolution on bond is the gratification of being the head of the treasurer's office until a treasurer can be elected in the manner which he says is the only legal mode of election (that is, by vote of the people at the next regular popular election for city officers); but we could hardly make this gratification of relator's the basis of our judgment in a matter so important as the possession of the treasurer's office of the city of New Orleans.

The application is denied at the cost of the relator.