Statement of the Case.
MONROE, J.
The object of this proceeding is to prohibit the enforcement of a mandatory injunction ordering the destruction by the sheriff of the parish of Iberia, at the instance of the “board,” of a bridge belonging to the “Company” (referring to the litigants). The facts disclosed by the petition and return herein filed are substantially as follows:
In 1891 the company, a corporation established under the laws of this state, built a railroad from Salt Mine Junction to Abbe-ville, in the parish of Iberia, and, as part of the same, constructed a bridge, or trestle, over Bayou Petite Anse, and it has operated the road (carrying freight, passengers, and mail over it in daily trains) without hindrance since that time. ■ Shortly before the 25th of October of this year it was informed by the board, that the latter intended to destroy the bridge, and it thereupon presented a petition to the district court alleging that such threatened destruction would paralyze its business, suspend the carrying of the mails, cause it irreparable injury, and constitute a violation of the law and of its rights, and praying that the board be enjoined from carrying its threat into execu-. tion; and the board was, accordingly, enjoined. Thereafter, and without putting at issue the suit brought, or attempting to set aside the injunction issued, against it, the board filed a petition, alleging that, in the discharge of the duties for which it was organized, it had undertaken to dredge Bayou Petite Anse as a necessary step in the drainage of the district; that the company had placed a railroad trestle across said bayou and refused to remove it; that it had no authority so to do, and, even if it had, that such authority was acquired subject to regulations thereafter to be imposed with respect to drainage; that, unless said trestle should be removed, it would be impossible for the board to. carry on the work for which the drainage district had been established, and hence that it was necessary that said company be enjoined from further obstructing the dredging of said bayou; and that the sheriff be ordered to demolish the trestle. And on October 31st the respondent judge issued a writ enjoining the company from further obstructing the dredging of the bayou; and, in default of its so doing within 24 hours, ordering the sheriff to remove the trestle. Upon receiving notice, through one of its subordinates, in the town of New Iberia, of the issuance of the writ, the company appears to have notified the judge, by telegraph, of its intention to apply for a writ of prohibition, and on November 2d made the application now under consideration, whereupon this court issued the usual rule nisi, and granted a restraining order, which was also communicated, by telegraph, to the judge, and probably to the board and the sheriff, though it appears that the work of destruction, under the writ, had by that time been accomplished. The respondent judge makes return to the effect that the purport of the injunction against the board *943 was to restrain it from destroying the trestle, extra judicially, and thereby committing trespass, but that it could not properly be construed to prevent the board, as a governmental agency, from applying to the court for an. order prohibiting and directing the removal of constructions, whereby it was prevented from discharging its functions, and that, upon its allegations that it was so prevented, he considered that it was legally entitled to the order as made. He further returns that relator is not entitled to the relief prayed for, because it did not plead to the jurisdiction ■ of the district court before applying for the same, and for the further reason that the act sought to be prohibited, has become an accomplished fact.
Opinion.
It is, of course, too late to prohibit the doing of what has already been done, but it is not too late to prohibit the maintenance of the order complained of, if it is found to have been unauthorized and illegal. There can be no doubt that the order was made without the relator’s having been afforded an opportunity to be heard, whether by plea to jurisdiction or otherwise, and the same thing may be said of its execution, since it operated, instanter, to set aside the injunction which relator had obtained, and was further executed by the destruction of relator’s property before the expiration of any delay for notice provided by our law.
This court has repeatedly held that an injunction, once issued, should not be dissolved, ex parte. Marin v. Thierry, 29 La. Ann. 362; Gravais et al. v. Falgoust et al, 34 La. Ann. 99; State ex rel. Moore v. Judge, 37 La. Ann. 118. And the same rule applies whether the dissolution be effected by rule to dissolve or by a counter injunction. It has also been held that the writs of certiorari and prohibition may be invoked to reinstate the injunction so dissolved. State ex rel. Van Halen v. Judge, 50 La. Ann. 642, 23 South. 608.
It has further been held that:
“The writ of injunction will issue on the ex parte application of the complainant only in its. prohibitory form, and in cases where the only purpose to be accomp)lished is to restrain or prohibit something from being done. But in its mandatory form, when it commands the doing of something, it cannot be issued until a _ hearing on the merits, or when, a prohibiting writ having issued restraining a party from obstructing the exercise of a right, the obstruction may be commanded to be removed, because its continuance effects the very injury he was prohibited from effecting.” Black v. Good Intent Tow Boat Co., 31 La. Ann. 497.
The cases of Rice Milling Co. v. Romero, 105 La. 439, 29 South. 876, State ex rel. Yale v. Judge, 41 La. Ann. 516, 6 South. 512, State ex rel. Shakespeare v. Judge, 41 La. Ann. 557, 6 South. 514, relied on by respondent, fall within the exception above stated; the mandatory injunctions, in these cases, having issued for the enforcement of pending prohibitory injunctions. We know of no authority under which a drainage board can destroy private property without due process of law, and of this the relator now before the court has not had the benefit.
It is therefore ordered, adjudged, and decreed that the alternative writ herein issued be now made peremptory, and that the respondent judge be prohibited from further maintaining or executing the mandatory injunction which is made the subject of complaint until the relator shall have been heard upon the merits' with respect thereto.