(50 South. 404.)

No. 17,802.

JEANERETTE LUMBER & SHINGLE CO., Limited, et al. v. POLICE JURY OF PARISH OF ST. MARTIN et al. In re JEANERETTE LUMBER & SHINGLE CO., Limited, et al.

(Aug. 25, 1909.)

1. APPEAL AND ERROR (§ 73*)—INJUNCTION—DISSOLUTION.

The injunction was dissolved on bond. There was no right to an appeal, as the injury was not irreparable and sufficient bond was given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 402, 404, 677; Dec. Dig. § 73.*]

2. APPEAL AND ERROR (§ 73*)—INJUNCTION—DISSOLUTION.

As relators need not institute another suit to vindicate their rights, there is no right of appeal. The status quo is unchanged by the election held by the property taxpayers.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 402, 404, 677; Dec. Dig. § 73.*]

(Syllabus by the Court.)

3. INJUNCTION (§ 184*)—DISSOLUTION.

Complainants in injunction are not to be considered as having abandoned their claim to injunctive relief because of the dissolution of the injunction on bond, nor are their rights to such ultimate relief prejudiced by such order.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 184.*]

4. INJUNCTION (§ 178*)—DISSOLUTION.

Dissolution of a temporary injunction on bond is largely within the discretion of the court granting the injunction.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 178.*]

Application by the Jeanerette Lumber & Shingle Company, Limited, and others, for writs of certiorari, mandamus, and prohibition against the Police Jury of the Parish of St. Martin and others to review an order dissolving an injunction on bond. Application denied. Petition dismissed.

Voorhies & Voorhies, for applicants. Martin & Martin, for respondents. Respondent Judge, pro se.

Statement of the Case.

BREAUX, C. J. The purpose of plaintiffs is to obtain a decree to compel the judge of the district court to grant them a suspensive appeal. They are owners of land and taxpayers in the Second ward of the parish of St. Martin.

It appears that the police jury for the parish of St. Martin passed an ordinance on the 7th day of July, 1909, submitting to the property taxpayers of the Second ward the

question of levying a tax of 3½ mills per annum on the dollar for a period of 15 years, beginning with the year 1909, the amount from this tax to be expended in constructing a navigable canal to connect a bayou by the name of Portage with the Teche at St. Martinville.

On the 17th day of July, 1909, relators obtained an injunction against holding this election.

The complaint on which the injunction was based is that the ordinance was not preceded by the required qualified petition of one-fifth of the qualified voters of the ward.

Further, in the alternative, plaintiffs' contentions are: That the police jury did not have the authority to connect the two streams named by a canal. That the police jury was encroaching upon the authority belonging to the levee board and state board of engineers, or that which should be exercised by the United States government. That the police jury sought to act independently entirely of the state board of engineers, and did not call upon it to make an examination and survey of the level of the two streams to the end of ascertaining whether the plan was at all feasible. The amount of the debt to be incurred, it is said, is not stated, nor the rate of interest on the bonds, nor the maturity of the bonds.

The further contention is urged that the election was not conducted under the auspices of the proper officers, and other objections to the same effect.

Lastly, relators alleged in their petition for an injunction:

"That, if said election was allowed to be held, it would cause them great and irreparable injury, and that for these reasons they are entitled to the equitable writ of injunction to stay and prevent the holding of said election."

The judge of the district court on the application of the defendants in the injunction dissolved the injunction on the latter's bond in the amount of $500.

Relators applied for a suspensive appeal from the order of the district court authorizing the defendants to bond the injunction.

The court refused to grant the order of appeal.

In answer to the writ nisi, which issued from this court, the respondent judge stated in support of his refusal to grant the appeal that the injunction was dissolved on bond under article 307 of the Code of Practice, that it was not alleged that the act prohibited was such as to cause irreparable injury, and that in reality his order dissolving the injunction did not cause irreparable injury.

He further stated that he was acting strictly within the discretionary power with which he is intrusted, and added that in any event, the injunction he had granted had been granted by him through an oversight; that he had not read the decision in the Dubuisson contested election case, No. 123, from the parish of St. Landry; that it was only after he had granted the injunction that the decision attracted his attention. From it he deduced that he had acted inadvertently in granting the injunction. For that reason, in addition to other grounds stated, he had arrived at the conclusion that the defendants in injunction had the right to have it dissolved on bond.

### Discussion.

The issues are taken up for decision in the inverse order from that followed in the pleadings.

The last statement in defense by the respondent in answer to the writ nisi is that the petition for an appeal had been filed before plaintiffs' petition to the district court for an order of the court dissolving the injunction on bond.

As a mere matter of date, there is some foundation for this statement. If controlling, these dates would excite some little confusion. But there is an order of record dissolving the injunction decreeing the amount

of the bond required to that end. After that date, regularly enough plaintiffs in injunction filed their petition for an appeal, which the judge refused to grant.

We shall be governed by the date of this order. The filing of petitions and other orders will not be considered of any importance in view of the date of the order refusing the appeal. Though the petition was filed in a day or two after the order had been signed, this filing is not, under the circumstances shown, fatal to the order.

We pass to the question of the irreparable injury alleged. The allegation of plaintiffs in injunction in that respect is not entirely conclusive, though it should be entitled to some weight. While this allegation is of the utmost importance to obtain an order of appeal, it may be considered as not conclusive on an application for an appeal; i. e., the court is not bound by the allegation.

Repeated decisions dispose of this question. Koehl v. Judge, 45 La. Ann. 1488, 14 South. 352; Crescent City Live Stock Landing & Slaughterhouse Co. v. Police Jury, Parish of Jefferson, Right Bank, 32 La. Ann. 1192; Crescent City Live Stock Landing & Slaughterhouse Co. v. Butchers' Union Slaughterhouse & Live Stock Landing Co., 33 La. Ann. 930; Schmidt v. Foucher, 37 La. Ann. 174; State ex rel. Sterken v. Judge Civil District Court, 37 La. Ann. 825.

The judge a quo was in error in the statement that irreparable injury was not alleged by plaintiff in injunction. It was alleged.

We have arrived at the conclusion that the dissolution of the injunction on bond will not cause irreparable injury.

Another suit will not be necessary. The case here is different from those cited in Garland, C. P., note 3, subnote "b," p. 307. We are not of the opinion that the plaintiffs will be driven to another suit to assert their rights should they elect to assert them in this present case.

Not one of plaintiffs' allegations is affected by the order authorizing defendants to bond. Whatever cause of action was alleged remains. It is not in the least prejudiced.

We will state, further, that the plaintiffs in injunction are not to be considered as having abandoned their injunction because of the dissolving order on bond. Nor can it be considered that the court has diminished or prejudiced rights claimed, if any they have, by the order in question.

The defendants have not since acquired any rights against plaintiffs which cannot be as well disposed of now or hereafter in this suit as any time previous to the date of the order dissolving the injunction.

The case has not been decided on the merits, and nothing appertaining to the merits has been decided.

If permissible amendments may be offered to the end of trying all admissible issues on the merits, they cannot be considered in the light of an abandonment of the grounds alleged for an injunction.

In a somewhat similar case this court decided that, despite the bonding, the merits remained to be tried. New Orleans Waterworks v. Jos. Oser, 36 La. Ann. 918.

It results that the election was held subject to all the rights of the parties to have it annulled.

In the Dubuisson Case, 123 La. 443, 49 South. 15, similar to the present case, on rehearing the court recognized the right of plaintiffs in injunction to prosecute their suit after the election.

The conclusion that there was no irreparable injury and no necessity of instituting another suit disposes of the application.

This case is special in one of its features. Relators' petition came into the possession of the court on the eve of the election sought to be enjoined, too late to issue an effective restraining order even if the relators were entitled to such an order. The court neces-

sarily permitted the question presented to the voters to go to an election.

Returning for a moment to the application for appeal:

The issues will in all probability be disposed of finally at an earlier date than if an appeal were granted.

Were the appeal granted and the case taken up on the merits, there would be points to be considered never passed upon by the lower court.

Constitutional grounds and other legal grounds would be presented the first time on appeal.

It has repeatedly been held that they by all means should, whenever possible be raised, argued and decided in the district court, and should not generally be presented for the first time on appeal.

The persons interested will now have the opportunity of presenting all their grounds to the district court, and, after final decision in that court, they may be brought up before this court.

As relates to the discretion of the district court to dissolve an injunction on bond, a question before us:

We have given it consideration. In the nature of things, large discretion in matter of bonding an injunction or refusing to bond is vested in the district court.

There is sometimes necessity for prompt action, and, while that necessity should not prompt the judge to go further than before stated, yet, unless it abundantly appears that he has gone further, that he has rendered by his decision irreparable damages possible, or has driven the person enjoining to the necessity of instituting another suit, his action in matter mentioned should not be disturbed. The writ is recalled and discharged. Relators' application denied. State v. Judge, 29 La. Ann. 360; 2 High on Injunction, p. 1148, § 1497.

To the relators is reserved the right to pursue their suit and maintain any right they have as before stated.

It is ordered, adjudged, and decreed that the writ nisi be recalled, the demand of relators refused, and the petition dismissed.