(Court of Appeal, Parish of Orleans.)

## EDWARD J. VIAL vs. L. A. YOUNGS, ET AL.

*An injunction once issued should not be dissolved ex parte.*

Appeal from the 28th Judicial District Court, Parish of St. Charles.

Robert J. Perkins, for plaintiff and appellant.

L. H. Marrero, Jr., for defendants and appellees.

GODCHAUX J.—When this case was formerly before us on an application for writs of mandamus, etc., the lower Court was ordered to grant a suspensive appeal from an **ex parte** judgment dissolving an injunction that relator had secured. **State ex rel Vial vs. Edrington, Judge, etc., No. 5410** of our docket, not yet reported.

The suspensive appeal is now before us for review, and the sole question involved is the correctness **vel non** of the judgment or order, granted **ex parte**, dissolving the injunction which plaintiff had originally obtained.

A recent decision of our Supreme Court appears decisive of the controversy:

"This Court has repeatedly held that an injunction once issued, should not be dissolved **ex parte**. Martin vs. Thierry, 29 Ann., 362; Gravois et als vs. Falgoust, et al., 34 Ann., 39; State ex rel Moore vs. Judge, 37 Ann., 118. * * * It has also been held that writs of prohibition and certiorari may be invoked to reinstate the injunction so dissolved. State ex rel. Van Halen vs. Judge, 50 An., 642."

Board of Commissioners, etc., vs. Iberia & Vermillion R. R. Company, 117 La., 940.

See, also, Pike vs. Bates et als, 34 Ann., 391.

We are not unmindful that a contrary doctrine appears to have been announced in the case of **Lehmann vs. Judge, 46 Ann., 163;** but we repeat what we said with reference thereto when the present case was recently before us:

"Respondent strenously urges upon us the case of **Lehman vs. Judge, 46 Ann., 163,** but that case seems never to have been followed again and has so often been cited to the Supreme Court only to be passed aside, that we consider it no longer of much authority."

Moreover, we are bound to follow the latest expression of the Supreme Court upon the subject.

It is therefore ordered that the judgment appealed from be set aside, and that the case be remanded to the lower Court for further proceeding according to law. The appellees to pay the costs of appeal, all other costs to await final decision in the cause.

Judgment reversed and case remanded.

May 27th, 1912.

Rehearing refused, June 19th, 1912.