ROGERS, J.
This matter is before us for review under writs of certiorari and prohibition.
Relator as a tenant of plaintiff, claiming a verbal lease to expire October 1, 1923, was in possession of the premises known as the Southland hotel in the city of New Orleans. On March 28, 1923, plaintiff sold the property to the Western Union Telegraph Company and obligated himself to deliver possession thereof to the purchaser on or before May 1, 1923. On said date, plaintiff received a letter from the fire marshal, condemning the building as a fire hazard, and ordering its demolition. This letter was transmitted to relator, who nevertheless continued to remain in the premises, and on May 3, 1923, plaintiff filed ejectment proceedings, and, on the same day, in another suit, applied for and obtained: an injunction restraining relator, his agents, or employees from interfering in any manner with plaintiff, his agents, or employees in demolishing the building. Upon obtaining *341 the order for the injunction, and several hours before the writ was served upon relator, plaintiff employed a crew of house razers and proceeded, over relator’s protest, to remove the roof of the building, thereby rendering it unfit for habitation. '
Relator filed an exception of no right or cause of action in said suit and a rule to dissolve the injunction issued therein, on the grounds that he had been deprived of his property without due process of law and without notice; that under the law no injunction can issue to qust a party in possession, snor can a mandatory injunction issue ex parte before hearing on the merits; that no authority exists under the law authorizing the department of the fire marshal to condemn buildings and to order their demolition without the opportunity of the occupant to be heard before the courts.
The respondent judge, for exception to relator’s demand, avers that his remedy is by appeal; that nullity of the proceedings does not appear on the face of the record; that relator’s application for writs was not timely ; that relator is without interest; that his conduct has estopped him from applying for the writs and has prevented the writs from serving any useful purpose, if granted; that the order granting the injunction was issued on May 3, 1923; that on the following day relator applied to respondent for a rescission of the order granting the injunction, and, after hearing, and the refusal of respondent to rescind or modify the order, relator vacated the premises; that the demolition of the building was proceeded with and has continued uninterruptedly to an extent which renders any part of the premises totally uninhabitable.
The return of the respondent judge recites in detail all the pertinent facts. It refers to two petitions and a judgment in other suits between the same parties growing out of their relations as landlord and tenant, certified copies of which are attached to the return or are to be found in the record. From one of these suits, it appears that on April 27, 1923, a writ of mandamus was made peremptory and relator and the register ’of conveyances for the parish of Orleans were ordered to cancel and erase from the books of the conveyance office the affidavit of relator, registered as notice of the alleged verbal lease.
[1] It appears from relator’s application and from the return of the respondent judge that the building, possession of which is in contest between relator- and plaintiff, has been demolished to an extent which renders it unfit for occupancy. It is therefore too late to prevent what has already been accomplished, but it is not too late to prohibit the continuing in force of the order complained of, if it is found to have been unauthorized and illegal. Board of Commissioners of Petite Anse Drainage District v. Iberia & Vermilion R. Co., 117 La. 940, 42 South. 433.
It is indisputable that the order was issued without notice to relator and without affording him an opportunity to be heard, whether by plea to the jurisdiction or otherwise, and the same may be said of its execution, since under the shield of said order, and even before the injunction issued in pursuance thereof was served upon relator, plaintiff, with a force of house wreckers, entered upon the premises in question and proceeded, instanter, over relator’s protest, to remove the roof of said hotel building, causing an exodus therefrom of relator, his servants, employees and subtenants, including some 60 guests then in said hotel. The effect of plaintiff’s action was to dispossess relator of his possession of the said property.
[2] Relator was in possession of the premises under a verbal lease from plaintiff, whether that lease was for a term of months, or only from month to month, is immaterial for the purposes of the issues presented under the present application, and he was entitled to hold that possession undisturbed un *344 til lie was deprived of it by a final judgment. The mere filing of plaintiff’s suit did not alter the legal situation, nor did it authorize the issuance of the injunction to oust relator of his possession. It has been repeatedly held that, although a preliminary injunction may issue to maintain a plaintiff in possession, it should not be allowed to oust one in possession. Pure Oil Operating Co. v. Gulf Refining Co., 143 La. 284, 78 South. 560; In re Warfield, 149 La. 1006, 90 South. 374.
[3] The' judgment of April 27, 1923, making peremptory a writ of mandamus ordering relator and the register of conveyances of the parish of Orleans to erase from the books of the conveyance office the inscription of the affidavit registered as notice of relator’s alleged verbal lease, has no bearing on the present controversy, since said judgment, on the face of the record, was not a final judgment ; the delays for a suspensive appeal not having elapsed.
[4] Nor is relator prejudiced by the adverse judgment on his rule to dissolve the injunction. This proceeding was a prerequisite to his application to this court for the exercise of its supervisory jurisdiction. t
For the reasons assigned, it is therefore ordered, adjudged, and decreed that the alternative writ herein issued be now made peremptory, and the ’ respondent judge be, and he is, prohibited from further maintaining or executing the injunction which is herein complained, of until relator shall have been heard upon the merits with respect thereto. Costs of this application to be paid by plaintiff.