REID, Judge.
This matter is before this Court on a motion by the plaintiffs H. H. Dinkins Jr., Stephanie B. Dinkins and Ladd A. Dinkins to dismiss an appeal taken by Oday Brous-sard and Lawrence Willie Landry from a judgment rendered in the Sixteenth Judicial District Court of Louisiana, Parish of St. Mary in the suit number 32,117.
The facts show that plaintiffs filed a rule for preliminary injunction against the defendants Broussard and Landry to enjoin them from interfering with the plowing and preparation by plaintiffs in rule through their lessor Theodule J. Landry of certain portions of their property for the planting of the 1966 sugar cane crop thereon.
Defendants had leased from the plaintiffs certain property in St. Mary Parish *269 and the lease expired December 31, 1964. The lease was tacitly reconducted for the year 1965 but certain portions of the property do not seem to have been used by the lessees, Broussard and Landry, and plaintiffs filed a rule for preliminary injunction enjoining the defendants, Broussard and Landry, from interfering with the lessor in the use of certain portions of the property in order to prepare the land for the 1966 sugar cane crop. Judgment was rendered on this rule making it absolute, and signed on July 20, 1965. From this judgment defendants Broussard and Landry have appealed to this Court. In their answer to the suit they specifically ask for damages for attorneys fees, and reserve their right to claim further damages by reason of the trespasses upon the land leased to them by the lessee from the plaintiffs.
Subsequently thereto and after the expiration of the one year the plaintiffs herein filed a rule to eject the defendants from the property which rule was filed January 24, 1966, and on February 4, 1966 judgment was rendered and signed, ordering the defendants to vacate the property and deliver possession to the plaintiffs.
Plaintiffs then filed this motion to dismiss the appeal on the grounds that the expiration of the reconduction of the lease had expired and they had notified the defendants to vacate the premises, that the defendants have no further interest in the property in dispute, and that the issues raised by the appeal are now moot.
Appellants have filed an objection to the motion to dismiss the appeal and urge the fact that there are still issues involved before this Court on the appeal. They urge that this appeal is taken from a judgment sustaining a temporary restraining order and issuing a preliminary injunction. They further claim that they were de facto evicted by injunction from the property, or a portion thereof, prior to the eviction and that they are entitled to claim damages resulting from the wrongfully issued temporary restraining order and injunction.
Appellants urge further that everyone knew that their rights expired at the end of the year 1965, and that the right to continue possession of the property was never raised by the appellants in this appeal.
The issue before us on the appeal taken in this matter evolves around two questions. One, was the preliminary injunction wrongfully issued, and if so, what is the quantum of damages. We believe that the case of Liuzza v. Simms, 154 La. 339, 97 So. 470 is in point. In that case the defendant, Simms, was in possession of certain property. On March 28, 1923 the plaintiff sold the property and obligated himself to deliver possession of said premises on or before May 1, 1923 to the purchaser. On that day plaintiff was notified the building was condemned as a fire hazard. The defendant, although notified of this remained in possession. On May 3, 1923 plaintiff filed ejectment proceedings and another suit, in which he applied for and obtained an injunction restraining defendant from interfering in any manner with plaintiff demolishing the building. After obtaining this order plaintiff, over defendant’s protest, removed the roof from the building, rendering it unfit for habitation. Defendant filed an exception of no cause or right of action and a rule to dissolve the injunction. He also asked for a recission of the order of the injunction. The Judge refused to vacate or modify the order. Defendant then applied for and was granted writs. The Supreme Court made the writs peremptory and prohibited the Judge from maintaining or executing the injunction holding, as follows:
“(1) It appears from relator’s application and from the return of the respondent judge that the building, possession of which is in contest between relator and plaintiff, has been demolished to an extent which renders it unfit for occupancy. It is therefore too late to prevent what has already been accomplished, but it is *270 not too late to prohibit the continuing in force of the order complained of, if it is found to have been unauthorized and illegal. Board of Commissioners of Petite Anse Drainage District v. Iberia & Vermilion R. Co., 117 La. 940, 42 South. 433.”
We, therefore, hold that the issues on the appeal in this matter are not moot, and 'for the foregoing reasons the appellees motion to dismiss the appeal is denied and the matter shall remain before this Court for determination on the appeal.
Motion to dismiss appeal denied.