CULPEPPER, Judge.
The Commissioner of the Louisiana Department of Agriculture filed this suit for a “Mandatory Injunction” ordering the defendant, Jessie Johnson, to present his *118 cattle for brucellosis testing. From a judgment granting the injunction, defendant appealed.
We have concluded plaintiff did not prove defendant’s herd of cattle “has shown evidence of brucellosis infection” within the requirement of LSA-R.S. 3:2221, which reads in pertinent part as follows:
“A. Any person owning or having charge of any male or female cattle over eight months of age in a herd which has shown evidence of brucellosis infection, or has intermingled with or otherwise been exposed to brucellosis infected animals, upon at least thirty days prior written notification by an authorized- agent of the Livestock Sanitary Board shall present and restrain the cattle for identification and testing, * * *.
“B. Evidence of infection includes finding one or more reactors to an official brucellosis agglutination test on animals bred on the farm, at livestock auction market, at a slaughter establishment or concentration point, * *
Defendant contends the mandatory injunction issued is permanent rather than preliminary.[1] The proof required for a permanent injunction is a preponderance of the evidence at a trial on the merits. Whereas the proof for a preliminary injunction may be upon the verified pleadings or supporting affidavits, provided the court so orders.[2] Defendant asserts the proof here is not sufficient for a permanent injunction.
The record is vague as to whether the injunction is preliminary or permanent. Nevertheless, we have decided that in either event the proof is inadequate. LSA-C.C.P. Article 3609 provides in pertinent part:
“The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.” (Emphasis added)
The plaintiff here did not expressly pray for a preliminary injunction, but he did use summary procedure. He prayed for a rule nisi directing defendant to show cause why a mandatory injunction should not issue ordering defendant to pen his cattle for brucellosis testing. The prayer asks that the hearing be on the verified pleadings and affidavits. But the order for the hearing does not specify that it be on verified pleadings or affidavits. Under LSA-C.C.P. Article 3609, quoted above, the hearing therefore was not on the pleadings or affidavits. It was on proof as in ordinary cases. Apparently this was the understanding of the parties, because at the hearing no attempt was made to submit proof by affidavits.
It is defendant’s contention that plaintiff did not prove defendant’s herd “has shown evidence of brucellosis infection” within the meaning of LSA-R.S. 3 :2221, quoted above. We have carefully reviewed the record and conclude defendant is correct.
The only witness who testified was Dr. Lucian Dan Lewy, veterinarian for the U. *119 S. Department of Agriculture in 11 parishes, including Evangeline. He testified that he has general supervision of the brucello-sis eradication program in this area. When asked whether he had tested defendant’s cattle, he freely admitted that he personally had not made or supervised such a test. There was some discussion by counsel at the trial as to whether records in Dr. Lewy’s custody, which had been prepared by personnel over whom the doctor had supervision, would be admissible on identification by him. But no such records were sought to be filed in evidence.
The only thing of any substance about which Dr. Lewy testified is that he mailed to defendant the notice to present his cattle for testing, in compliance with LSA-R.S. 3:2221 quoted above. Also, that he was present when defendant refused to pen the cattle.
We find the record is void of any admissible evidence to show that any of defendant’s cattle had ever shown evidence of brucellosis infection. This is a prerequisite to enforcement of the statute. Of course, plaintiff’s petition alleges the herd was infected and the petition is verified by the affidavit of Dr. F. B. Wheeler, the State Veterinarian in Baton Rouge, but this is not admittable evidence. Such pleadings, unsubstantiated by any proof whatever at the trial, are not sufficient for the issuance of the injunction.
Since it appears that plaintiff may be able to present sufficient evidence to make out his case if his right to do so is preserved, we will dismiss this case without prejudice.[3]
For the reasons assigned, the judgment appealed is reversed and set aside. Plaintiff’s suit is dismissed without prejudice.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.

. The cases cited by defendant were under the old procedure allowing a preliminary injunction ex parte without a hearing, Board of Commissioners of Petite Anse Drainage Dist. v. Iberia & Vermilion Railway Co., 117 La. 940, 42 So. 433. They held a mandatory (as distinguished from a prohibitory) injunction could not issue without a hearing on the merits. These cases do not apply under the new procedure which requires a hearing for all preliminary injunctions, LSA-C.C.P. Article 3602.

. Cloud v. Dyess, La.App., 172 So.2d 528 (3rd Cir. 1965); LSA-C.C.P. Article 3609.

.LSA-C.C.P. Articles 1671, 1673, 1844.