| 36 | 561 |
| 45 | 1493 |
| 36 | 561 |
| 46 | 178 |
| 36 | 561 |
| 113 | 629 |

## No. 9191.

NEW ORLEANS AND NORTH EASTERN RAILROAD COMPANY vs. MISSISSIPPI, TERRE-AUX BŒUFS AND LAKE RAILROAD COMPANY.

A preliminary injunction can issue to *maintain* a plaintiff in possession, but should not be allowed *to oust* one in possession of property.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

*Robert Mott* and *W. D. Denegre* for Plaintiff and Appellant.

*E. D. White* and *Kennard, Howe & Prentiss* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs appeal from a decree dissolving on bond and on the face of the papers, the injunction herein issued, on their application.

The complaint is substantially that the plaintiffs have a right of way through St. Claude or Goodchildren street, in this city, by municipal concession; that while they were about using this privilege, the defendants enjoined them from doing so; that the case was put at issue by the defendants therein, and was about to be tried, when the plain-

tiffs, on their own motion, discontinued the suit, thus dissolving the writ; that, between the institution of the action and the withdrawal thereof and during the existence of the injunction, the defendants took possession of the street, using it for their purposes; that the petitioners are entitled to enjoy the franchise granted by the city and to remove the constructions put on the street by the defendants, during the pendency of their injunction suit.

The prayer now is for an injunction to prevent the defendants from in any way interfering with the plaintiffs in removing the railroad, its buildings and constructions of every kind from the part of said street allotted to them, and from interfering with petitioners in constructing, maintaining and operating on their own tracks, and, that after proceedings, there be judgment for thirty-five thousand dollars damages in their favor.

The defendants *first* took a rule to have the injunction dissolved on bond and *next*, another rule, for the same purpose, but on the face of the petition.

The court allowed the injunction to be bonded and besides dissolved it otherwise, unqualifiedly.

The suit has two objects, which are sought to be at once accomplished, namely: to *resume* possession of a street or of part thereof, of which the plaintiffs claim once to have had possession and to *remain* in possession of a part of the street of which it has the possession, actual or constructive.

The prayer is to prevent the defendants from interfering with the plaintiffs in ejecting them and in using their (plaintiffs) right of way on said street.

It appears from the petition and also from the defenses set up that two possessions are imperilled: that of the plaintiffs by the defendants and that of the defendants by the plaintiffs, while it is apparent that the street is a wide street, ample enough for the purposes of each company, touching which there should be no collision of rights.

The plaintiffs cannot be permitted to *oust* the defendants who are in actual possession, (whether rightfully or not is *now* immaterial), by a preliminary injunction; while the defendants cannot be allowed, on a bond or otherwise, on the showing made, to dissolve the injunction, so as to consider themselves authorized thereby to interfere with plaintiffs in the enjoyment of their possession. 22 A. 512; 24 A. 154; 33 A. 133, 560.

The lower court erred in dissolving the injunction unqualifiedly. It could and should have been dissolved so far only as it proposed to forbid the defendants from interfering with the plaintiffs in removing their road, with its buildings and constructions, from that part of the street of which the defendants were then in possession. The judgment should be such as will maintain the previous *status in quo* until the determination of the merits.

It is, therefore, ordered and decreed that the judgment appealed from, so far as it dissolves the injunction forbidding the defendants from interfering with the plaintiffs in their own possession, actual or constructive, of the portion of the street allotted to them by the city authorities, be reversed and that the rule to dissolve to that extent be dismissed; and it is further ordered that, so far as the judgment dissolves the injunction prohibiting defendants from interfering with the plaintiffs in removing the tracks, buildings and constructions of defendants on the portion of the street allotted to them by the city authorities, it be affirmed; appellees to pay costs in both courts.

Rehearing refused.