No. 10,429.

STATE EX REL. JOSEPH RAYMOND VS. JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS; DIVISION B.

In the exercise of its supervisory jurisdiction over inferior tribunals, the Supreme Court will not issue a *mandamus,* to compel a district judge to grant a *preliminary* injunction which he has declined, in a suit for a money judgment, when the case does not fall within those mentioned in the Code of Practice, in which the judge is allowed no discretion to refuse, and when the object of the provisional injunction is, not to maintain the plaintiff in possession, but to oust the defendant from, and restore or to put the plaintiff in the same, before judgment on the merits.

APPLICATION for Mandamus.

*Joseph Maille* for the Relator.

*F. Michinard* for the Repondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relator applies for a *mandamus* to compel the district judge to grant him an injunction, which the latter has declined to allow.

The return is substantially that, under the showing made, the petitioner does not come within the purview of the provisions of the law contained in the Code of Practice, by which, no discretion existing in the judge, he is bound to allow the relief, and further, that the averments are insufficient and do not justify the issuance of the writ.

The pith of the lengthy petition presented to the district judge, and which forms part of that for a *mandamus* here, is simply that, for certain reasons, the petitioner has been illegally deprived of the collections of the revenues of the Second Street Market, in the city, by one Billgery and his heirs, who are in possession of the market, and who for many years have been and are collecting the revenues thereof, to the injury of the petitioner.

The prayer to the lower court was, that the defendants be enjoined from further interfering with the petitioner in the management of the market, or the collection of said revenues, and from misusing their possession of the same. It concludes with a demand for $97,000.

The district judge, after hearing the parties, on a rule *nisi*, refused the writ.

We cannot say that he erred. It is evident that the suit is one for money, and that the purpose of the writ sought is to oust the defendants from the possession of the market, and the collection of the revenues which it yields.

The case does not come as one of those in which the judge is bound to grant an injunction, but it ranks clearly among those in which the writ may or not issue, as he may, in the exercise of his legal discretion, primarily determine.

It has been repeatedly held that, although a preliminary injunction may issue to maintain a plaintiff in possession, it should not be allowed to oust one in possession of property.

Had the injunction asked been allowed, the defendants would have been turned away and the plaintiffs restored, or put in possession of the market and enabled to collect the revenues previous to final judgment on the merits. The following authorities are in point: N. O. & N. E. R. R. Co., vs. Miss., etc., R. R. Co., 36 Ann. 561; State ex. rel Sigur vs. Judge, 33 Ann. 133; Torres vs. Faljoust, Ib. 560; City of New Orleans vs. Great Southern Telephone Co., 37 Ann. 571. See also Healey vs. Allen, 38 Ann, 867.

We must not be understood as at all trenching upon the merits of the case, as, it may be, as a possibility, that, under the allegation said to be made for the first time, of the discovery of a counter-letter between the relator Raymond and Billgery, the plaintiff may obtain the relief sought.

We only hold that the case presented to the district judge is not one of those in which he was bound to allow the preliminary injunction asked, and that, in the exercise of our supervisory jurisdiction and control over inferior courts, we have no reason to order him to do that which he has declined doing.

The application for a *mandamus* is therefore refused with costs.

Mr. Justice Fenner recuses himself.