(78 South. 560)

No. 20885.

PURE OIL OPERATING CO. v. GULF REFINING CO. OF LOUISIANA et al.

(April 1, 1918. Rehearing Denied April 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. INJUNCTION ⬅➔136(2) — PRELIMINARY — MAINTENANCE IN POSSESSION—OUSTER.

Though a preliminary injunction may issue to maintain a plaintiff in possession, it should not be allowed to oust one in possession of property.

2. EVIDENCE ⬅➔71—PRESUMPTION—COURSE OF MAILS.

There is a legal presumption that a letter properly addressed, stamped, and mailed reached its destination in due time.

3. MINES AND MINERALS ⬅➔75—LEASE—RENEWAL.

In suit by one oil company against another to enjoin interference with leased lands, the burden of proof was on plaintiff to establish that it had made a timely deposit in bank to renew its lease of the lands for another year.

4. MINES AND MINERALS ⬅➔75 — RENEWAL OF OIL LEASE—SUFFICIENCY OF EVIDENCE.

In suit by an oil company to enjoin another company from interfering with its possession of leased land, evidence *held* insufficient to show that plaintiff made a timely deposit in bank to renew its lease for another year.

5. LANDLORD AND TENANT ⬅➔184(2) — RENEWAL OF LEASE—REFUSAL OF DEPOSITS—DUTY OF LESSORS.

Where an oil company had the right to renew its lease for another year by making a deposit in bank, and it made deposits which the lessors refused to accept, the first as insufficient, the second as made too late, the lessors were under no obligation to do more than inform the bank of their unwillingness to accept, not to return or offer to return the deposits.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Suit by the Pure Oil Operating Company against the Gulf Refining Company of Louisiana and others. From judgment for plaintiff perpetuating injunction, defendants appeal. Judgment set aside, injunction dissolved, and suit dismissed.

D. Edward Greer, of Houston, Tex., Thigpen & Herold, of Shreveport, and Elam & Lee, of Mansfield, for appellants. John W. Dunkle, of Pittsburgh, Pa., and Liverman & Pollock, of Mansfield, for appellee.

PROVOSTY, J. The plaintiff company alleges that it holds a mineral lease upon certain lands, fully described, with right of ingress and egress for exploitation for oil and gas; that after its lessors had made said lease they made a similar lease to the defendant company; that this company "is trying to interfere with the peaceful possession of your petitioner of the land leased," to which and on which said company has no rights; that said conduct of said company "has worked and will continue to work an irreparable injury to your petitioner"; and that an injunction "is necessary to protect petitioner's interest in said matter." And the plaintiff prays for an injunction accordingly.

The injunction having issued, the defendant moved its dissolution with damages, on the grounds that the plaintiff had never been and was not at the time of filing suit in possession, and that plaintiff's lease had terminated at the time the second lease was entered into.

[1] As a matter of fact, plaintiff had never entered upon said land, or in any other way exercised its rights under the lease, but had simply held the contract of lease; whereas defendant, on the contrary, immediately after entering into its lease, had taken actual possession, by fencing the land and by placing guards to oppose invasion of it; and at the filing of the suit had been thus in actual possession for more than seven months.

"It has been repeatedly held that, although a preliminary injunction may issue to maintain a plaintiff in possession, it should not be allowed to oust one in possession of property." State ex rel. Raymond v. Judge, 41 La. Ann. 951, 6 South. 721, and cases there cited, particularly N. O. & N. E. R. R. Co. v. Miss., T. B. & Lake Co., 36 La. Ann. 561.

The injunction must therefore be dissolved, with the $750 damages which the services of the attorneys for obtaining the dissolution of it are admitted to be worth.

The question of the alleged termination of the lease of plaintiff having been put at issue, both in the motion to dissolve and in the answer subsequently filed, and having been fully tried, and having been passed on by the lower court, we have concluded that it should be decided by this court.

The lease expired on March 29, 1913, unless, on or before that date, the plaintiff renewed it for another year by paying 10 cents per acre. "Such payment for such renewal may be made direct to the party of the first part or deposited to their credit in the People's Bank at Mansfield, La."

Six of the $8 required for said renewal were deposited in time. The lessors refused to accept same, on the ground that the deposit ought to be of $8. The plaintiff, on being notified to that effect, sent a check for the additional $2. The question is as to whether this second deposit was made in time; that is, on the 29th of March.

[2] On the side of plaintiff there is the testimony of plaintiff's secretary-treasurer, that the check was duly mailed in Pittsburgh, Pa., on March 26, 1913; and there is the undisputed fact that, if so mailed, it should have reached the Mansfield bank three days thereafter, or on March 29th; and there is the legal presumption that a letter properly addressed, stamped, and mailed reaches its destination in due time.

On the side of defendant there is the deposit slip bearing date the 1st of April; and there is the testimony of the cashier of the bank that by the invariable custom of the bank the check, if received on the 29th, would have been credited as of that date if received before closing time, and the next day, if received after closing time, unless the next day was a Sunday or other legal holiday, in

which case the credit would have been entered on the first business day after reception. And there is the testimony of Dr. Nabors, one of the lessors, representing both himself and his sister-in-law, the other lessor, in the matter, to the effect that the deposit was made on the 1st of April, and that he, for himself and his sister-in-law, refused to accept it, as coming too late.

[3, 4] This evidence leaves doubtful at best whether the deposit was made timely, i. e., on the 29th of March; and the burden of proof was on plaintiff to establish that it had been so made. Hence the fact of the deposit having been timely made must be considered as not proved.

[5] The learned counsel of plaintiff say that these lessors never returned or offered to return these deposits; nor some royalties which, subsequently to the filing of the present suit, were, in like manner, deposited to their credit in said bank; but we do not see that these lessors were under obligation to do more than they did, namely, inform the bank of their unwillingness to accept the deposits.

The judgment appealed from, which perpetuated the injunction, is therefore set aside, and the injunction is dissolved, and the suit dismissed, and the plaintiff company is condemned to pay to the defendant company $750 damages as attorney's fees, and to pay the costs of this suit.