PROVOSTY, J.
Defendant made a proposition in writing to plaintiff through a broker to purchase a house and lot. The writing described the property, fixed the price and the time for passing the act of sale, named the ijotary before whom the act should be passed, and stipulated that interest at 8 per cent, should be paid by purchaser in the event of any delay in passing the act of sale; “possession to be given immediately.” The broker wrote on the document:
“J. B. Warfield: We submit the above.
“Leo Eellman, Agent.”
Plaintiff in turn wrote upon it:
“Leo Fellman, Agent: I accept the above offer and agree to pay you 3 per cent, commission on purchase price. J. B. Warfield.”
Defendant made a deposit with the broker of $300 cash called for by the written proposition. The price was part cash and part on a credit. For the credit part no interest was stipulated. Plaintiff instituted suit to set aside the contract, on the ground that he had consented to it in error, thinking that the credit part of the price was to bear interest.
Defendant took possession, and thereupon plaintiff applied to- the respondent judge for an injunction, “restraining and enjoining the said Y. F. Cotton from continuing to trespass upon your petitioner’s premises.”
The. grounds alleged for the injunction are that the acceptance of the proposition was in error, and hence that there has not been any sale, and plaintiff has continued to be owner; that defendant took possession after he had requested permission to do so and had been refused, and that his possession is illegal, and, unless enjoined, will cause “irreparable injury and harm” to plaintiff.
How this “irreparable injury and harm” would come about is not stated.
The respondent judge declined to grant the injunction, and the matter now to be-considered is an application to this court to compel him to do so.
[1, 2] So long as the contract in question shall not have been set aside as having been executed in error, it will continue to be an existing promise of sale equivalent to a sale entitling the defendant, by its express, explicit terms, to immediate possession. The plaintiff could not change that legal situation by merely filing a suit. Only by a final judgment could it be changed. Hence the defendant was but exercising his legal right when he took possession.
For an injunction not to issue against an alleged trespasser it suffices that the latter’s possession should be under color of right (22 Cyc. 826; N. O. & N. E. Ry. Co. v. Railroad Co., 36 La. Ann. 561; State ex rel. Raymond v. Judge, 41 La. Ann. 951, 6 South. 721; Pure Oil Operating Co. v. Gulf Refining Co., 143 La. 284, 78 South. 560), and defendant’s possession is certainly under Color of right.
The application for mandamus is denied at the cost of applicant.
O’NIELL, J., dissents.