**IBERIAN OIL CORPORATION**

v.

**PHILLIPS PETROLEUM COMPANY and Amerada Petroleum Corporation.**

**Civ. A. No. 9514.**

United States District Court.
W. D. Louisiana,
Lafayette Division.

Jan. 16, 1964.

Duncan M. Smith, Jr., Lafayette, La., for plaintiff.

Bailey & Mouton, Charles F. Bailey, Lafayette, La., for Phillips Petroleum Co.

Liskow & Lewis, Austin W. Lewis, Lake Charles, La., and John S. Miller, Tulsa, Okl., for Amerada Petroleum Corp.

Edmond L. Guidry, Jr., St. Martinville, La., for Ernest Case.

Middleton & Templet, W. B. Middleton, Jr., Plaquemine, La., for V. J. Kurzweg, Jr.

PUTNAM, District Judge.

This suit for damages from drainage and other relief, is against Phillips, original lessee in an oil, gas and mineral lease which it subleased to Iberian (subsequently subleased by Iberian to Texas Crude Oil Company), and Amerada, which has drilled certain wells in the vicinity of the property affected by plaintiff's sublease. Texas Crude joined with Amerada in one of these wells on adjacent lands, but is not made a defendant in this suit; Phillips also drilled wells on lands in the vicinity, which are producing and of which plaintiff complains.

Phillips granted certain extensions of time to Texas Crude to fulfill its obligations under its sublease from Iberian. Plaintiff contends that Phillips, Amerada and Texas Crude are thus draining productive oil sands under its lease, depriving it of royalties and of production, to its damage, and by the extensions granted to Iberian for the benefit of Texas Crude by Phillips, development of the sublease held by plaintiff has been retarded, making the drainage possible.

The suit is primarily a rehash of civil action No. 8723, entitled "Iberian Oil Corporation v. Texas Crude Oil Company" on the docket of this court, decided adversely to plaintiff on motions for summary judgment on January 17, 1963. (See 212 F.Supp. 941.) The matter is now pending on appeal. We there held that Iberian was not entitled to a cancellation of its sublease agreement to Texas Crude, as it had failed to place that company in default as required by Louisiana law, and on other grounds not necessary to discuss here.

Plaintiff's entire suit is pitched on the proposition that Texas Crude is not developing its property according to the terms of its sublease, and that Amerada and Phillips by drilling adjoining leases held by them are draining Iberian's lease sands. As a matter of law, so long as plaintiff's suit to cancel the sublease with Texas Crude is pending, that Company is under no obligation to comply with the obligations imposed upon it according to its terms. The obligation of performance is tolled, so to speak. Fomby v. Columbia County Development Co., 155 La. 705, 99 So. 537 (1924), and cases therein cited; Knight v. Blackwell Oil & Gas Co., 197 La. 237, 1 So.2d 89 (1941); Baker v. Potter, 223 La. 274, 65 So.2d 598 (1952). Defendant Phillips, then, cannot be held for any alleged default by Texas Crude for not developing Iberian's sublease since the filing of the above-mentioned suit; as a matter of fact the extensions of time actually inured to the benefit of plaintiff in this suit, for without them Iberian's sublease from Phillips would be forfeit. The affidavits and depositions submitted on the motion for summary judgment do not reveal any facts tending to support a conclusion that there was a conspiracy with Texas Crude to defeat Iberian's rights under the sublease agreement.

As to Amerada, there is no privity of contract with plaintiff whatsoever. Phillips as sublessor entered into an original sublease with this defendant for the development of acreage in which Iberian has no interest whatsoever. There is no contractual obligation pointed out or shown by the record upon which liability for drainage could be predicated.

Moreover, there is absolutely no showing that Phillips is under any contractual duty to Iberian not to develop the remaining acreage held by it in the area of its sublease to plaintiff. On the contrary, the opposite affirmatively appears from the instruments in question.

Under these circumstances, Phillips and Amerada are doing only what they have a right to do. There is no liability in tort, there being no duty owed to petitioner which is being or has been breached. See Rives v. Gulf Refining Co., 133 La. 178, 62 So. 623 (1913); Billeaud Planters, Inc. v. Union Oil Co. of California, 245 F.2d 14 (5 Cir. 1957).

If plaintiff's lease sands are being drained through inactivity of Texas Crude brought about by its suit to cancel the sublease and operating agreement made between them, these defendants, on the basis of the showing made here, are in no way at fault.

We consider the remaining contentions made by Iberian in its lengthy and somewhat confused complaint to be fully answered by counsel for defendants in their respective briefs.

Judgment dismissing this suit will be signed on presentation.