C. B. PENNINGTON, Appellant,

v.

COLONIAL PIPELINE COMPANY,
Appellee.

COLONIAL PIPELINE COMPANY,
Appellee,

v.

C. B. PENNINGTON, Appellant.

No. 25456.

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1968.

Rehearing Denied Oct. 4, 1968.

Fernando J. Freyre, Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, La., for appellant.

R. Gordon Kean, Jr., Sanders, Miller, Downing & Kean, Baton Rouge, La., for Colonial Pipeline Company, appellee and cross-appellant.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

PER CURIAM:

This is a second appeal involving the same mineral lease on a tract of land containing 2425 acres situated in East Feliciana Parish, Louisiana.

In the first appeal this Court, in Pennington v. Colonial Pipeline Co., 387 F. 2d 903, affirmed per curiam the decision of the trial court which is to be found in D.C., 260 F.Supp. 643.

As can be seen by a reading of the opinions above cited, Pennington, the appellant here, had leased the 2425 acres involved here on July 16, 1956, from the landowner, T. L. Mills, Jr., Colonial Pipeline Company, on June 29, 1962, acquired from the landowner Mills a pipeline right-of-way across the 2425 acre tract, and a few days later acquired from Mills fee title to approximately twenty-nine acres of the larger tract, upon six acres of which it later erected pumping and storage facilities.

In June, 1963, Pennington advised Colonial of his plan for geophysical survey of the property, which called for some seismic dynamite shot points, some of which would be located on Colonial's twenty-nine acres. He contended that the operation of Colonial's facilities

would interfere with his geophysical exploration, and accordingly demanded that Colonial shut down all operations on the property, drain all lines crossing the property, drain all storage tanks in the area, shut down all electrical service to the property, and, if necessary, remove any structures that might interfere with the successful completion of his seismic survey of the property. When Colonial refused his demands, he brought suit, seeking an order requiring Colonial to meet his demands.

Colonial, in its answer, not only claimed that Pennington's demands were unreasonable and unnecessary, but also asserted as a defense that the lease under which Pennington was claiming was an invalid lease because it had not been signed by him.

The original suit was for all practical purposes lost by Pennington, and his demands were generally held to be unreasonable.

While that suit was pending, Pennington brought another suit against Colonial for declaratory judgment to the effect that the litigation in the suit brought by him against Colonial suspended and continued to suspend the primary term of his lease, the main basis of his contention being that the attack on the validity of his lease by Colonial had the effect of making it impossible for him to explore the lease because no one would advance money for exploration when the validity of the lease was in question.

Contemporary with his filing of the suit before us, Pennington filed a motion for summary judgment, relying upon the record in his first cause of action and upon his affidavit that Mills had suspended his lease during the period that the litigation in the first suit was pending.

Appellee Colonial, in response, filed a motion to dismiss for lack of jurisdictional amount and a motion to strike Appellant Pennington's affidavit, and further answered making several affirmative defenses.

The court below denied all motions and rendered judgment dismissing Appellant's complaint. It is from that judgment that the Appellant Pennington has appealed.

Colonial has cross-appealed solely to preserve its rights under the motion to dismiss and the motion to strike.

We first dispose of the cross-appeal of Colonial by stating that its motion to dismiss for lack of jurisdictional amount is without merit, as is its motion to strike Pennington's affidavit attached to his motion for summary judgment.

There is no question that Colonial, in its answer to Pennington's first lawsuit to require it to suspend its operations so he could carry out his geophysical survey, denied the validity of his lease.

In its opinion rendered in the first cause, the court below held that Colonial was estopped from denying the validity of the lease.

Many Louisiana cases have been cited to the Court holding what where a lessor questions the validity of a lease, the term of the lease is suspended; as well as other cases which stand for the principle that if a lessee is prevented by a lessor from beginning operations within the time stipulated, he is entitled to an extension of the lease for the time of the hindrance, provided, of course, the lessee wins the lawsuit. The cause before us does not involve either of these two exact propositions, and we might be ruling on a case of first impression.

Since Colonial put the validity of the Pennington mineral lease in issue, as far as its twenty-nine acres were concerned, Pennington's lease should have been suspended until this issue was resolved, as we see no difference in the claim of invalidity being made by the original lessor and Colonial who had bought its twenty-nine acres subject to the mineral lease issued by its predecessor in title, Mills. Iberian Oil Corporation v. Phillips Petroleum Company, D.C., 226 F.Supp. 190 (1964); Fomby v. Columbia County Development Co., 155 La. 705, 99 So. 537

**124**

(1924); Knight v. Blackwell Oil & Gas Co., 197 La. 237, 1 So.2d 89 (1941); and Baker v. Potter, 223 La. 274, 65 So.2d 598 (1952).

We, therefore, hold that the court below erred in dismissing Appellant's cause of action; that his motion for summary judgment should have been granted; and that the term of the lease, as it affects the twenty-nine acres of Colonial, was suspended from the time it first asserted the invalidity of the lease by its answer in the first suit, filed on January 9, 1964, to November 18, 1966, when the court below ruled in the first suit that Colonial was estopped from denying the validity of Pennington's lease, from which finding no appeal was taken by the parties in the first cause alluded to above.

This cause is, therefore, reversed with instructions to the court below to enter judgment that the primary term of the lease, as it affects Colonial's property, was suspended from January 9, 1964, to November 18, 1966, and allowing the Appellant Pennington to explore for oil and gas for a period equal to the time that his lease was suspended.

ON PETITION FOR REHEARING

PER CURIAM:

Colonial Pipeline Company, Appellee-Appellant, has been granted leave to file a petition for rehearing out of time.

The original opinion of this Court that Appellant-Appellee Pennington's lease had been suspended, stands.

However, as has been pointed out by Colonial, at the time that it first attached the validity of the lease held by Pennington, on January 9, 1964, the primary term of the lease was to expire on July 16, 1966, and our holding that the lease was suspended from January 9, 1964, to November 18, 1966, in effect extends the primary term of the lease.

Our opinion is, therefore, amended to hold that the term of the lease, as it affects the twenty-nine (29) acres of Colonial, was suspended from the time it first asserted the invalidity of the lease by its answer in the first suit, filed on January 9, 1964, to July 16, 1966, at which time the primary term of the lease would have expired; so that Pennington will have a right to explore on the twenty-nine (29) acres for a period equal to that from January 9, 1964, to July 16, 1966, which period will commence to run on the date of the entry of the judgment by the court below as ordered in our original opinion.

In all other things the petition for rehearing is denied.