258 So.2d 592 (1972)
NEW ORLEANS SILVERSMITHS, INC.
v.
Clifford J. WORMSER, d/b/a Cliff's Junk Yard.
No. 4857.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1972.
Rehearing Denied March 21, 1972.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff-appellant.
Racivitch & Wegmann, William J. Wegmann, New Orleans, for defendant-appellee.
Before CHASEZ, STOULIG, and BAILES, JJ.
BAILES, Judge.
This is an action in contract. Plaintiff-appellant appeals from the judgment of the trial court rejecting its claim for damages occasioned by the breach of an alleged contract it entered into with defendant-appellee for the demolition of a building.
Plaintiff leased from the City of New Orleans a portion of Square 634, Second Municipal District. On the property leased were the remains of a metal building which had been wrecked by a recent hurricane. In order to utilize the leased property for the intended purpose, it was necessary for plaintiff to remove the metal building, but retain the concrete slab or floor. Shortly after acquiring this lease, plaintiff contacted defendant for the purpose of entering into a contract, if defendant was interested, whereby defendant, Mr. Wormser, would dismantle the building and remove all materials from the floor area for the salvaged materials. Mr. Leaman, an officer of the plaintiff corporation, testified that Mr. Wormser, or his employee, inspected the building site and then defendant agreed to such an oral contract as outlined in the Leaman letter which follows.
*593 Mr. Leaman testified that he wrote defendant the following letter on September 23, 1969:
"Dear Mr. Wormser:
"This will confirm our telephone conversation today. It is our understanding that you are to demolish the collapsed building owned by the City at 400 City Park Avenue. This is a red metal structure on a raised concrete slab. You will dismantle and haul away all of the debris on the slab as well as anything now in the building.
"In consideration of your being given all of the scrap metal, it is agreed that you will take down the building and follow the above procedure without any charge whatsoever.
"Work is to begin Wednesday, September 24th, and to be completed within three or four days.
 "Yours very truly,
 "Paul J. Leaman, Jr.
"PJL, JR./mlr"
Admittedly, defendant did remove three truck loads of corrugated iron from the site but did nothing else toward fulfillment of the conditions of the contract as detailed in the above quoted letter of September 23, 1969.
Allegedly, on October 10, 1969, Mr. Leaman, for the plaintiff, wrote defendant a letter calling to his attention that the lot had not been cleared of material and debris as agreed, and advised him that if the work was not completed by October 14, 1969, the lot would be cleared and he, the defendant, would be billed for the expense of such work. No response was received from defendant.
Plaintiff referred the matter to its lawyer, who on October 27, 1969, wrote defendant that unless the work was completed by October 31, 1969, plaintiff would complete the work at the defendant's expense. Again defendant did not respond.
Subsequent to October 31, 1969, plaintiff did remove the remaining building and debris from the leased lot at an expense of $616.11. This suit was brought to recover these expenses from defendant.
Although defendant's answer to plaintiff's petition is a general denial, by his testimony at the trial and in argument in this court, defendant's position is that he had agreed only to remove the corrugated iron as that was all he had a use for, and that he did not agree to clear the lot or concrete floor of all building materials and debris. Defendant denied receiving the plaintiff's letters of September 23, 1969, and October 10, 1969, but he did admit receipt of the lawyer's letter dated October 27, 1969.
The defendant's version of the contract and his attitude toward the agreement is exemplified by this portion of his testimony.
"Q Now, did you feel you didn't have any work to do?
"* * * * * *
"By The Witness:
"Agreed to accept what I could out from the building, and not to go there, as I recall, as it progressed, every day demanding me to take down the entire building. I accepted their offer of sheet iron that was on the building. They expected me to go there and spend several hundred dollars of labor and equipment to go ahead and dismantle and then clean off several truck loads of garbage that had been there for several years. But my truck lines, they had been parked there and so forth. They exacted (sic) all of that. I didn't go along with them."
The burden of proof is on the plaintiff to show there was a contract between the parties, and the terms thereof. Mr. Leaman testified to the fact of an agreement and to the terms and conditions; that the letter, supra, confirming the terms, was written, properly addressed, stamped *594 and mailed to defendant; and admittedly, the defendant did remove certain corrugated iron from the lot. There is a presumption of due receipt by addressee of a letter properly addressed, stamped and mailed. Sawyer v. Central Louisiana Electric Co., La. App., 136 So.2d 153 (1961). Although this is a rebuttable presumption, the only rebuttal evidence of the defendant is his testimony that he did not recall receiving the letter. We find that the presumption has not been rebutted.
From the foregoing circumstances and recited facts, we find there was a contract between plaintiff and defendant, wherein defendant agreed to remove the damaged metal building and debris from the subject property for the salvage, and further, we find the defendant-appellee breached this contract. Consequently, defendant-appellee is answerable to the plaintiff for the cost of completing the contract in accordance with its conditions.
Although plaintiff claims $686.87 as expenses, we find he has proved the following expenses which are totally related to completion of the contract:

Cutting metal beams $117.60
Truck rentals 98.51
Garbage disposal
 City of New Orleans $ 5.00
 New Orleans Disposal
 Service 125.00 130.00
Labor 270.00
 ________
 $616.11

Defendant makes no complaint as to the amount claimed by plaintiff, however, only the amount of $616.11 was proved.
Accordingly, the judgment of the trial court is reversed and set aside, and there is judgment rendered herein in favor of New Orleans Silversmiths, Inc., plaintiffappellant, and against Clifford J. Wormser, d/b/a Cliff's Junk Yard, defendant-appellee, in the full sum of $616.11, together with legal interest from date of judicial demand until paid, and for all court costs.
Reversed and rendered.