455 So.2d 1385 (1984)
Robert A. OTTERMANN
v.
Thurman W. GANUS.
No. 84-C-0416.
Supreme Court of Louisiana.
September 10, 1984.
Rehearing Denied October 4, 1984.
Arthur C. Reuter, Jr., Reuter, Reuter, Reuter & Pizza, New Orleans, for defendant-applicant.
Stephen J. Simone, Metairie, for plaintiff-respondent.
MARCUS, Justice.
The question presented by this case is whether an option to renew a lease was timely exercised. On September 8, 1967, *1386 Robert A. Ottermann leased certain commercial property in Jefferson Parish to Thurman W. Ganus. The term of the lease was from October 1, 1967 to December 31, 1982, with an option to renew for ten additional years. The option to renew provided:
As a further consideration for this lease, Lessor hereby grants Lessee an option to extend the period of this lease for a period of ten (10) years from the expiration of the term of the original lease, said extended term to be on the same terms and conditions and at the same rental as set forth herein. In the event Lessee desires to exercise this option to extend the lease for a period of an additional ten (10) years, Lessee shall notify Lessor in writing at least One hundred twenty (120) days prior to the expiration of this lease. (Emphasis added.)
On January 14, 1975, Ganus subleased the property to A. Copeland Enterprises, Inc. for a term of ten years from January 1, 1983 to December 31, 1992, the period covered by the option to renew the lease.[1] On that same date, January 14, 1975, at the request of the attorney representing Copeland, Ganus signed a letter addressed to Ottermann exercising the above-mentioned option to renew the lease. Copeland's attorney retained this letter, and on February 17, 1975, he sent the letter, which had been properly addressed and stamped, by certified mail to Ottermann. Shortly thereafter, the attorney received the return receipt, which showed delivery of the letter on February 19, 1975. However, the receipt was returned unsigned.[2]
By letter dated January 1, 1983, Ottermann requested Ganus to vacate the premises, alleging that the lease had expired without a timely exercise of the option to renew. Ganus did not vacate the premises. On February 10, 1983, Ottermann filed a rule for possession. Ganus answered generally denying the allegations of the petition and affirmatively asserted that he had exercised the option to renew on February 19, 1975. Ottermann died a few days before trial of this matter. He was replaced as party plaintiff by his wife, Thelma L. Ottermann.
After a hearing, the trial judge rendered judgment in favor of Mrs. Ottermann and against Ganus, ordering the eviction of Ganus from the leased premises and the delivery of the premises to Mrs. Ottermann. The judge held that Ganus had failed to carry his burden of proof that Ottermann received written notice that the option to renew had been exercised. Ganus appealed. The court of appeal affirmed, holding that the trial judge was not clearly wrong to find that Ottermann had not received notice of intent to exercise the option.[3] Upon Ganus' application to this court, we granted certiorari to review the correctness of that decision.[4]
The issue presented for our consideration is whether Ottermann received Ganus' written exercise of the option to renew the lease. Since the lease merely provides that the lessee must give the lessor written notice without specifying the means of communication to be used, the choice of the method of transmittal is left up to the lessee. However, in order to constitute effective notice, the lessee must show that the lessor actually received the writing, whatever the form of communication chosen.
In this case, the lessee Ganus proved that the letter was properly addressed, stamped and sent by certified mail *1387 and that the letter was delivered. However, because of the absence of a signature on the letter's return receipt, Ganus must still prove that the letter was delivered to Ottermann. It has been consistently held that a rebuttable presumption of receipt by the addressee arises when a letter has been properly addressed, stamped and mailed. Moore v. Drexel Homes, Inc., 293 So.2d 500 (La.App. 4th Cir.), writ denied, 295 So.2d 812 (La.1974); New Orleans Silversmiths, Inc. v. Wormser, 258 So.2d 592 (La.App. 4th Cir.1972); Sawyer v. Central Louisiana Electric Co., 136 So.2d 153 (La.App. 3d Cir.1961); see Hortman-Salmen Co. v. Continental Casualty Co., 170 La. 879, 129 So. 515 (1930); Pure Oil Operating Co. v. Gulf Refining Co., 143 La. 284, 78 So. 560 (1918) (there is a presumption that a letter properly addressed, stamped and mailed reaches its destination in due time); see also McWilliams v. Reith, 149 La. 298, 88 So. 913 (1921) (no presumption of receipt arises unless proof of postage prepayment is presented). Ganus has established such a presumption because he made out the proper elements of proof, i.e., that the letter was properly addressed, stamped and mailed.
Hence, we must now decide whether Mrs. Ottermann has successfully rebutted the presumption that her husband received the letter. She testified that he did not receive it, but she also said that she did not open his mail; her husband customarily opened his own mail. In addition, Mrs. Ottermann testified that the letter was not in her file on the rental property in question. However, that file contained only a few documents pertaining to expired insurance, two letters and several empty envelopes and was missing pertinent items such as tax receipts and current insurance policies. The evidence presented by Mrs. Ottermann to show that her husband did not receive the letter in question was insufficient to rebut the presumption of receipt established by Ganus. Since Mrs. Ottermann did not open her husband's mail, she had no basis for her assertion that he did not receive the letter. Nor was the fact that the letter was not contained in the file dispositive because several other items were also missing from the file. Thus, we conclude that the trial judge was clearly wrong in finding that Ganus did not prove Ottermann's receipt of the letter. Accordingly, the option to extend the lease was timely exercised. The court of appeal erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, the decision of the court of appeal is reversed and judgment is rendered in favor of Thurman W. Ganus and against Thelma L. Ottermann, dismissing the rule for possession of the premises at her cost.
LEMMON, J., concurs.
NOTES
[1] Also on January 14, 1975, Copeland was assigned a sublease on the property for the principal term of the lease (October 1, 1967 to December 31, 1982) by Ganus' sublessee for that term, Plantation Fried Chicken Corp.
[2] The original of the green return receipt card was introduced in evidence as Ganus-7. However, this exhibit is not in the record, having apparently been misplaced or lost. Nevertheless, an identical copy of the green return receipt was introduced in evidence by plaintiff (P-4) and is in the record.
[3] 444 So.2d 726 (La.App. 5th Cir.1984).
[4] 447 So.2d 1075 (La.1984).