**GULF ELECTROQUIP, INC.**

v.

**Wilbert A. RODRIGUEZ and Thomas J. Wetta, III.**

Civ. A. Nos. 91–2229, 91–2230.

United States District Court, E.D. Louisiana.

Sept. 25, 1991.

T.J. Wetta, W. Rodriguez, Emile Turner, Jr., Turner, Young, Hebbler & Babin, New Orleans, La., for appellees.

Daniel S. Smith, Matt J. Farley, Michael W. Baleware, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

## ORDER AND REASONS

DUPLANTIER, District Judge.

Appellant, Gulf Electroquip, Inc., has appealed from the bankruptcy court's dismissal of its complaint seeking a declaration that a debt owed it by appellees, Wilbert A. Rodriguez and Thomas J. Wetta, III, was not dischargeable. For the following reasons, the judgment of the bankruptcy court is REVERSED, and the case is remanded to the bankruptcy court for further proceedings consistent herewith.

In August 1989, appellees filed petitions for reorganization under Chapter 11 of the United States Code. Because the pertinent facts and legal issues apply to both petitions, I treat them as one. Appellant was listed as an unsecured creditor in the amount of $272,000.00, but was not listed on the mailing matrix. Because appellant was not listed on the mailing matrix, it did not receive formal notice of the pending bankruptcies, nor of the creditors' meeting, nor of the November 21, 1989, deadline for filing its complaint to establish the nondischargeability of the debt.

■ In June 1990, appellant filed its complaint seeking a declaration that the debt owed to it by appellees was nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (3), (4), or (6). Appellees moved to have the complaint dismissed as untimely. The parties agree that the timeliness of appellant's complaint is governed by 11 U.S.C. section 523(a)(3)(B). When a debt is not listed or scheduled in time to permit the creditor to file a timely request for determination of discharge, the creditor is not foreclosed from establishing that the debt is nondischargeable, unless the creditor had notice or actual knowledge of the case in time to file its request timely. 11 U.S.C. § 523(a)(3)(B). The Fifth Circuit has held that this rule applies when a creditor is not listed on the mailing matrix. *In re Adams*, 734 F.2d 1094 (5th Cir.1984). Thus, the primary issue is whether appellant received actual notice of appellees' bankruptcy proceedings prior to the November 1989 deadline.

■ After an evidentiary hearing, the bankruptcy court found that appellant received notice of the bankruptcies in August or September 1989 through a letter sent to its attorney, Craig Power. The court therefore dismissed appellant's complaint as untimely. The bankruptcy court's factual finding is subject to the clearly erroneous standard of review. *See Matter of Bufkin Bros., Inc.*, 757 F.2d 1573, 1577–78 (5th Cir.1985). Conclusions of law are of course reviewed de novo. *Id.*

The bankruptcy court based its judgment on the following facts elicited at the evidentiary hearing. Prior to the time that appellees filed their bankruptcy petitions, Jonathan Bookman, a member of the law firm of Bronfin, Heller, Steinberg & Berins, represented appellant in connection with a

debt owed to it by Kenner Marine & Machinery, Inc. Appellees were officers and stockholders of Kenner Marine. Kenner Marine filed for bankruptcy in June 1989; its bankruptcy attorney was Emile Turner of Turner, Young, Hebbler & Babin.

At a meeting regarding the Kenner Marine bankruptcy in August 1989, Mr. Turner told Mr. Bookman that appellees had filed individual petitions for relief under chapter 11. Appellees contend that shortly thereafter Mr. Bookman wrote a letter to Craig Power, Texas counsel for appellant and appellant's undisputed agent, indicating that Mr. Bookman had been informed about appellees' bankruptcy proceedings. Mr. Power testified that he never received such a letter. The only evidence of such a letter was a copy from Mr. Bookman's files. Mr. Bookman did not recall writing such a letter until he found the copy in his files in approximately September of 1990. He did not have personal knowledge that such a letter was mailed to Mr. Power; he could only "assume" that the letter had gone through his office's mailing process.

The bankruptcy court found that appellees met their burden of proving that appellant had notice of their bankruptcy proceedings before the November 1989 deadline by showing that appellant received notice through the letter sent from Mr. Bookman to Mr. Power in August or September 1989. In so finding, the court relied upon the presumption that if mail is properly addressed, stamped, and deposited in an appropriate receptacle, delivery has occurred. See Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799 (1897); Atherton v. Atherton, 181 U.S. 155, 21 S.Ct. 544, 45 L.Ed. 794 (1901); Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Beck v. Somerset Technologies, Inc., 882 F.2d 993 (5th Cir. 1989). However, an analysis of cases that have utilized the presumption of delivery shows that appellees are not entitled to the presumption, because they did not prove by a preponderance of the evidence that the letter was properly mailed.

Some courts have relied upon the presumption of delivery when letters were shown to have been sent by certified mail, with receipts returned to the senders. See Beck, 882 F.2d at 996; Ottermann v. Ganus, 455 So.2d 1385, 1386–87 (La.1984). In other cases proof of mailing was established because letters were shown to have been sent through a systematic process at the clerk's office or through records at the clerk's office. See In re Longardner, 855 F.2d 455, 459–60 (7th Cir.1988); In re Majors, 19 B.R. 275 (Bankr.M.D.Tenn.1982); In re Heyward, 15 B.R. 629 (Bankr. E.D.N.Y.1981). In yet other cases, there was significant proof that the letters at issue were actually mailed. See Atherton, 181 U.S. 155, 21 S.Ct. 544 (sender actually paid postage and placed letter in mails); Wells Fargo v. Kozloff, 695 F.2d 940 (5th Cir.), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983) (sender saw letter go into envelope and envelope sealed, and testified as to regular office mailing procedures).

These cases do not support a finding the original of Mr. Bookman's letter was mailed to Mr. Power. The letter was not sent certified mail or through any particular system for mass mailings. Appellees' only evidence that a letter was mailed was Mr. Bookman's assumption that if he had a copy of a letter in his files, the original had gone through his office's mailing process.

Appellees contend that proof of a business' custom of mailing is sufficient to prove that a letter was mailed, and that they established Mr. Bookman's ordinary office procedure for mailing letters. However, the cases they cite in support of their argument are not persuasive. See Simpson v. Jefferson Standard Life Insurance Co., 465 F.2d 1320 (6th Cir.1972); Gulf Coast Investment Corp. v. Secretary of Housing and Urban Development, 509 F.Supp. 1321 (E.D.La.1980).

The Sixth Circuit in Simpson acknowledged that proof of a business' custom of mailing could establish that a letter was mailed. However, the court refused to apply the presumption of delivery because, as is the case here, no one had personal knowledge that the letter at issue had actually been put into the mail with proper

postage. *Simpson*, 465 F.2d at 1324. *Gulf Coast Investment Corp.* is not persuasive because it involved sophisticated computer programs for sending out notices, and the parties offered substantial evidence that the computer could not stray from its program. *Gulf Coast*, 509 F.Supp. at 1325–26. No such computerized system is involved in the case at bar.

In light of the jurisprudence, the bankruptcy court's finding that Mr. Bookman mailed a letter to Mr. Power was clearly erroneous, and the presumption of delivery should not have been relied upon. Without this presumption, in light of Mr. Power's sworn denial of receipt, appellees did not carry their burden of showing that appellant received notice of their bankruptcy proceedings before the November 1989 deadline for filing complaints. Thus, by virtue of section 523(a)(3)(B), appellant's complaint to determine the dischargeability of the debt should not have been dismissed.

I also assign an alternative ground for reversal of the bankruptcy judge's ruling. Accepting *arguendo* the bankruptcy judge's conclusion that Mr. Power received Mr. Bookman's letter, I reach the legal conclusion that the letter did not constitute "notice or actual knowledge of the case." 11 U.S.C. § 523(a)(3)(B). In his letter Mr. Bookman stated that he had been "informed" that appellees had filed for bankruptcy and that appellant was listed as a creditor; he also stated, "I will confirm this at my earliest opportunity." There is no contention that the information was confirmed prior to the deadline. Mr. Bookman's unconfirmed report of what he had heard at a hearing in another matter is not sufficient to constitute the notice or actual knowledge of appellees' bankruptcy proceedings that is required by section 523(a)(3)(B). Appellees erred in the preparation of the matrix; had Mr. Turner wished to correct the error by providing appellant with notice or actual knowledge of the proceedings, he should have given that notice to appellant directly.

As an alternative reason for dismissing appellant's complaint, the bankruptcy court held that even if appellant had not received notice until January 1990, its complaint filed in June 1990 was untimely. The bankruptcy court reasoned that appellant should not be given a longer time period within which to file a complaint than the sixty days allowed if appellant had been properly listed on the mailing matrix.

Neither appellees nor the bankruptcy court have cited any rule that imposes a time limit for bringing a complaint to determine the dischargeability of a debt under section 523(a)(3); the bankruptcy rules simply do not provide one. Such an action can be brought until the debt itself prescribes. Thus, appellant's complaint of June 1990 was not filed untimely and should not have been dismissed under this alternative theory.